# Martin *et al. v.* Martin.

*Bill in Equity to have a Deed absolute in Form declared a Mortgage.*

1. *Deed; when transaction a sale and not a mortgage.*—Where one who was a surety for a debtor pays the debt, and in consideration thereof the debtor conveys to him certain lands by an absolute deed with covenants of warranty, and two days thereafter the grantee in said deed executes a written instrument, which forms no part of the contract of sale, by which he agrees to give the grantor the privilege of repurchasing the lands any time within ten years by the payment of the money paid by the grantee, together with the interest and taxes, such transaction constitutes a sale, with the privilege of repurchasing reserved to the seller, and furnishes no ground for having the deed declared a mortgage.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellants, Isabel V. Martin and her husband, J. W. Martin, against the appellee, H. M. Martin.

The defendant, H. M. Martin, was surety, together with J. G. McAndrew, for complainants, on a debt they owed the Bullock County Bank and one Leary, for over $6,000. To secure them against loss on account of this suretyship, the complainants gave to defendant and said McAndrew, a mortgage on their plantation of 880 acres, known as the Dawson place; the same being the lands involved in this litigation, and on the Smith and McCall places, the first containing 853, and the latter 320 acres.

In the year 1884, the complainants leased their lands to defendant for six years from 1885 to 1890, both inclusive, for 126 bales of cotton. He gave notes for this rent, covering the entire rent period, and shortly afterwards, he and McAndrew, his co-surety on said indebtedness of complainants to the Bullock County Bank and Leary, agreed to buy said rent notes, and so they did, for $2,500, and the money was paid to the Bullock County Bank, as a credit on complainants' debt to said bank.

On the 17th day of February, 1887, there remained due on said indebtedness to the bank and Leary the sum of $1,909. On that day, the defendant having paid for complainants said sum remaining due on said indebtedness, the complainants in consideration thereof, executed to him, as they agreed to do to procure him to pay said debt, an absolute deed with covenants of warranty to the Dawson place.

On the 19th of February, 1887, two days after the said absolute deed was executed by complainants to defendant, the defendant executed to them a paper by which he agreed to give complainants the privilege of redeeming the lands which had been conveyed to him, in ten years, provided they should pay to him all money spent by him for taxes, and $1,909, purchase money, and interest at ten per cent per annum from date of the agreement; and with the further understanding that in the event complainants redeemed the lands before the lease that defendant held on the place should expire, the first part of 1891, the redemption should in nowise interfere with the said lease, but the same was to continue in force and effect, the same as if said agreement had not been entered into.

The prayer of this bill was that said deed be declared

[Martin *et al.* v. Martin.]

a mortgage; that the defendant be charged with the rents, income and profits arising from said land, and if anything should be due on the alleged mortgage debt, that they be allowed to pay the same to defendant, and if it be ascertained that the debt has been overpaid, that a decree be rendered in their favor therefor. The other facts of the case are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree denying the relief prayed for in the bill, and ordering the bill dismissed.

From this decree the complainants appeal, and assign the rendition thereof as error.

J. D. NORMAN, for appellant.—The undisputed facts in the case show that the deed attacked was the acquisition of the equity of redemption by a mortgagee in possession from the mortgagors subsequent to the execution of the mortgage; the sole consideration being the balance due on the mortgage debt at the time the deed was made. It is true such a transaction may be legitimately made, but it will be carefully scrutinized in a court of equity.—1 Jones on Mortgages, § 712; *McKinstry v. Couly,* 12 Ala. 78; *Hitchcock v. Bank,* 7 Ala. 443; *Stout v. Rouse,* 84 Ala. 311; *Locke v. Palmer,* 26 Ala. 324; *Pough v. Davis,* 96 U. S. 337; *Thompson v. Lee,* 31 Ala. 292; *Goodman v. Pledger,* 14 Ala. 118; *Goree v. Clements,* 94 Ala. 340.

WATTS, TROY & CAFFEY, *contra.*—In the case of *Peeples v. Stolla,* 57 Ala. 53, a deed was executed by a married woman and her husband in payment of a mortgage debt, and *inserted in the deed* an agreement upon the part of the grantee that they should have the right to buy back the land on certain conditions. The court held, in the absence of proof that any debt still existed, that the paper was an absolute conveyance with the privilege of re-purchase, and not a mortgage. Where there is no debt or obligation to pay, there can be no mortgage. Consequently, when the grantor conveys by absolute deed, with covenants of warranty, and takes from the grantee an obligation in

the form of a penal bond, which recites the conveyance, and also that the parties have agreed that the grantor may have the right and privilege to redeem at a stipulated price and within a specified time, and it is conditioned that the grantee will convey according to the agreement, *but does not bind the grantor to redeem* according to the agreement, the transaction is a conditional sale and not a mortgage, although it originated in a loan of money.—*Haynie v. Robertson,* 58 Ala., 37; *Logwood v. Hussey,* 60 Ala. 425; *Douglass v. Moody,* 80 Ala. 61.

There is an additional element which enters into such inquiry. To establish the proposition that the conveyance, absolute in form, was in intention and in fact only a mortgage security, there must be a continuing, binding debt from the mortgagor to the mortgagee to uphold it; a debt in its fullest sense. Not a mere privilege reserved in the grantor to pay or not at his election, but a debt which the grantee can enforce as a debt, and for its collection may foreclose the conveyance as a mortgage. Where there is no debt there can be no mortgage; for if there is nothing to secure, there can be no security.—*Eiland v. Radford,* 7 Ala. 724; *West v. Hendrix,* 28 Ala. 226; *Swift v. Swift,* 36 Ala. 147; *Peeples v. Stolla,* 57 Ala. 53; *Haynie v. Robertson,* 58 Ala. 37; *Logwood v. Hussey,* 60 Ala. 417; *Douglass v. Moody,* 80 Ala. 61; *Perdue v. Bell,* 83 Ala. 396; 1 Jones on Mort. § 267; *Kraus v. Dreher,* 84 Ala. 320.

HARALSON, J.—The legal principles upon which the insistence of complainants rests, are well understood and may be briefly stated. In *Peeples v. Stolla,* 57 Ala. 53, 58, it was said: "The effect of a mortgage, made by one capable in law of executing such a contract, is to leave on the mortgagor a personal liability for the residuum of the debt, if on foreclosure, the property mortgaged fails to yield a sum sufficient to pay it in full. Hence, one of the tests by which to determine whether or not a mortgage was intended, is the existence or not of a debt to uphold it. If there is no debt, there can be no mortgage. On the other hand, security

for a debt is incompatible with the idea of a conditional sale; and when shown to exist, is conclusive that the transaction is a mortgage."—*Haynie v. Robertson*, 58 Ala. 37.

In *West v. Hendrix*, 28 Ala. 226, often since approved, it was held: "When a conveyance is made in satisfaction of a precedent debt, it cannot take effect as a mortgage, although containing a redemption clause; for the previous debt being extinguished, and no new one created, one of the essential attributes of a mortgage is wanting. * * * When a deed is made for a consideration paid at the time, whether the payment is made in cash, or by the surrender and satisfaction of a precedent debt, it will not lose the character of a conveyance, by an agreement on the part of the vendee, to allow the vendor to repurchase at a future day for the same price, or for an advanced price. * * * The fact that the party executing a conveyance, absolute in its terms, intended and considered it a mortgage, is not sufficient to make it a mortgage. To produce that effect, such must have been the clear and certain intention and understanding of the other party likewise. * * * Inadequacy of price or consideration, alone, will not convert an absolute conveyance into a security for the repayment of money."—*Peeples v. Stolla, supra; Douglass v. Moody*, 80 Ala. 61; *Vincent v. Walker*, 86 Ala. 333; *Knaus v. Dreher*, 84 Ala. 319.

In this case, the complainant, J. W. Martin, who is a brother of defendant, swore that at the time the deed was made, defendant said, if witness would give him a deed to the land, he would give witness a contract to redeem it; that he would give witness a right to redeem it in ten years; that whenever he got his money with ten per cent interest and all that he was out on the place, he would return the place to witness.

This the defendant positively denies, and testified, that he never heard of any wish on the part of complainants to repurchase the property, until two days after the sale had been consummated, when J. W. Martin came to the Planters' Warehouse in Union Springs, where defendant and said J. G. McAndrew were at the time, and had a conversation with them on general matters;

that when the conversation was through, and said Martin got up to leave, he turned to witness and said: "Hal, you got the best of me in that trade the other day," when witness replied: "Do you think so?" to which he replied: "Yes, I do;" that witness then replied: "If you think so, I will give you a chance to buy the property at the price at which I took it, $1,909, and the taxes which I shall pay on the place, and ten per cent interest on the money." He then said to witness: "How long will you give me—five years?" when witness replied: "Yes I will give you ten years; you know I do not consider the title any account anyway." Said complainant then turned to McAndrew and requested him to put the agreement in writing, which McAndrew did, and witness signed it. Of this transaction McAndrew gives a similar account. The evidence is satisfactory to the effect, that this paper was executed on the 19th February, 1887, two days after the deed was executed and as an after agreement; was no part of the contract of sale, and that complainant, J. W. Martin, is at fault in his memory as to what occurred.

It is a matter worthy of note, that for protection against the payment of this $1,909, the defendant held a mortgage, not only on the Dawson place, which he bought for this sum, but on two other places, one for 853 and the other for 320 acres. The debt was absolutely secure, and to hold this agreement, of the 19th February, to be a mortgage, would be to convict the defendant of the unreasonable and unnatural thing of giving up one mortgage taken as an indemnity against a suretyship, and taking another for the same purpose on less than half the same property the first mortgage covered. Why should he desire to take a new mortgage which covered only one plantation to secure a debt, that he already had a mortgage on three plantations to secure?

The complainant, J. W. Martin, on his cross-examination by defendant, swore that at the time he and his wife made the deed to defendant, defendant gave up to him the mortgage which complainants had made to defendant and McAndrew as sureties, and that he had had the mortgage in his possession ever since.

[Alabama Midland Railway Co. v. Johnson.]

The defendant testified: "I turned over the mortgage and all the notes and obligations which I had taken up, and other papers to J. W. Martin. * * * My brother did not execute to me, either at the time of the delivery of the deed, or at the time of the execution of the contract of February 19th, 1887, or at any other time, any note or obligation to pay me the $1,909 mentioned in said contract. He did not make me any promise to pay the same at the time of the delivery of said deed or since. I have no evidence that he owes me any sum of money. He does not owe me any sum of money, but he merely had the option to pay me said amount of money, to-wit, $1,909, and interest and taxes, thus buying back the land."

It is manifest, that the defendant had no debt against complainants. They only bargained for the privilege of repurchasing, and were under no legal obligation to do so. Defendant could not have maintained any action against them for not paying the money, and could not have foreclosed the contract as a mortgage. The transaction was a sale with the privilege to repurchase reserved to the sellers.

It follows, the complainants, on whom the burden rested, failed to make out the case stated in their bill, and the decree of the court below must be affirmed.

Affirmed.