[Henderson v. Brunson.]

# Henderson *v.* Brunson.

*Bill in Equity for Cancellation of Mortgage.*

1. *Husband and wife; conveyance executed by wife upon her land as security for husband, invalid.*—A conveyance by the wife, made to secure a debt of the husband, is, under Section 2529 of the Code, void.

2. *Same; husband competent witness for wife in a suit to cancel mortgage.*—No right or liability of the husband being affected by the suit of the wife to cancel a conveyance executed by her, he is a competent witness for the wife, under Section 1794 of the Code.

3. *Same; evidence; expression of conclusion.*—The expression of a conclusion derived from *ex parte* statements of a wife and her husband is incompetent and inadmissible in a suit by the wife to have annulled and cancelled a conveyance executed by her, on the ground that said conveyance was made to secure the debt of the husband.

4. *Same; same; case at bar.*—In a suit by the wife to cancel a mortgage on the ground that same was executed as security for the debt of her husband, testimony by a witness to the effect that he "understood from both Mr. and Mrs. Brunson (complainant and husband) that they were executing the instrument as a formal security for Mrs. Brunson's indebtedness to Henderson (respondent)," is incompetent and inadmissible.

APPEAL from the Chancery Court of Coffee.

Heard before the Hon. J. F. SANDERS, Special Chancellor.

This was a bill filed by the appellee, Mrs. P. H. Brunson, against the heirs of the estate of L. Henderson, deceased, seeking to have cancelled a certain deed of conveyance made by complainant to L. Henderson, on the ground that same was a security for a debt of complainant's husband, E. G. Brunson. Demurrers were sustained to the original bill, and the amended bill recites that on or about February 18, 1895, complainant and her husband executed to L. Henderson, deceased at

the time of filing said bill, an instrument purporting to convey to the said L. Henderson the E. ½ of N. E. ¼ and N. W. ¼ of N. E. ¼, Sec. 28, T. 6, R. 21, that she was in the possession of said lands at the time of filing said bill, and was at the time and prior to the execution of said instrument; that said lands belonged to and are the statutory separate estate of complainant, and that it was understood with the said L. Henderson that said instrument should operate only as and have the legal effect of a mortgage, and that said land was conveyed by complainant and her husband for the purpose only of securing a debt due by her husband, prior to the execution of said instrument, which debt was no part of a debt contracted or due by complainant; that she did not know the exact amount of the debt due said Henderson, though she was informed it was about the amount expressed in said instrument as its consideration; that said Henderson was seeking to better secure said indebtedness; the said Henderson induced complainant and her husband to execute said instrument for the purpose of paying said debt; and that it was agreed with said Henderson that upon the payment of said indebtedness within three years, said conveyance should cease to be of effect; that there was no agreement between the parties that it was an absolute sale, or that it should operate as a payment of said indebtedness; that oratrix never received anything of value in consideration of executing said instrument; that no part of the debt was hers, that it was wholly her husband's and that the only consideration for the execution of said instrument was the security of said debt. She prayed that decree be rendered declaring that said instrument was a mortgage, that same be delivered up by respondents, and cancelled as a cloud on complainant's title. The deed contained the usual averments of a warranty deed with the clause: "In this conveyance I reserve the right to redeem within three years by paying this entry."

The answer of the respondents averred that said instrument was an absolute unconditional conveyance; that the said E. G. Brunson or E. G and P. H. Brunson were prior to Feb. 18, 1895, indebted to firm of L. & W.

[Henderson v. Brunson.]

J. Henderson for $550, secured by mortgage signed by the said E. G. & P. H. Brunson; and that said deed, forming the basis of this suit, was executed in consideration of the sum of $550 to be paid by L. Henderson in satisfaction of the debt due the firm of L. & W. J. Henderson; that said L. Henderson delivered up said mortgage, cancelled said indebtedness and received the deed in the case as an absolute conveyance of the land, and that there was no understanding or agreement that said instrument should operate as a mortgage.

The evidence show that Henderson, after execution of said instrument, executed to E. G. Brunson a deed to the same land, conditioned upon the payment of three notes for the amount of said indebtedness, which she executed to L. Henderson. The testimony of M. McCullough, before whom the instrument was acknowledged was that he "understood from both Mr. and Mrs. Brunson that they were executing the instrument as a formal security for Mr. Brunson's indebtedness to Henderson" to which respondent objected. E. G. Brunson, the husband of the complainant, testified to the execution of the notes, the mortgage and the deed back to Mrs. Brunson, and that the instrument in the case was intended, giving circumstances and statements, as a mortgage. To the testimony of Brunson, respondent objected on the ground that he had a pecuniary interest in the suit, and would not testify as to the transactions with a dead man, whose estate would be affected by the outcome of the suit. Mrs. Brunson also testified to conversation with L. Henderson, to which testimony respondents objected on the same grounds that they objected to the testimony of her husband.

The cause was submited upon the pleading and proof, and the decree was rendered cancelling said mortgage. From which decree, the respondents appealed and assign the rendition thereof as error, together with the ruling of the court upon the evidence.

R. L. HARMON, for appellants.—There is a fatal variance between the allegations of the bill in which relief is sought and the proof.—*Gilmer v. Wallace,* 75 Ala.

220; *Alexander v. Taylor*, 56 Ala. p. 63 of the opinion; *Floyd v. Ritter*, 56 Ala. 356; *Meadows v. Askew*, 56 Ala. 584; *McDonald v. Walker*, 95 Ala. 172.

The wife may convey her land in payment of her husband's debt, and that is precisely what is done in this case. See *Giddens v. Powell*, 108 Ala. 621; *Hubbard v. Sayre*, 105 Ala. 440.

G. E. McGowan, *contra.*—The conveyance involved in this controversy is shown by the evidence to have been given to secure the debt of complainant's husband, and was therefore void. Both complainant and her husband testify that the debt was that of the husband, E. G. Brunson, and that no part of it was that of complainant's. The only testimony in conflict therewith is that of the witness, Hilliard, who, after being allowed to examine the ledger,—of whom it does not appear—testified that the ledger showed that the account "stood in the name of P. H. and E. G. Brunson." Such testimony was not competent—not being legal evidence without further proof.—*Elliott v. Dyke*, 78 Ala. 15; Greenleaf on Evidence, p. 548. The testimony of E. G. Brunson relating to transactions with or statements by L. Henderson, deceased, is not incompetent by reason of Sec. 1794, of the Code, for the reason that he had no pecuniary interest in the result of the suit, nor did he occupy a representative or fiduciary relation to the party against whose estate he testifies.—*Howle v. Edwards*, 97 Ala. 653.

The husband has no *pecuniary* interest in the result of the suit for the reason that, under the statutes, his only right in or control over his wife's separate estate is by way of restraint upon its alienation.—*Marshal v. Marshal*, 86 Ala. 389; *Rooney v. Mitchell*, 84 Ala. 585.

The testimony of E. G. Brunson is competent for the further reason that his interest in the result of the suit is not in immediate conflict with the interest of the estate of the deceased.—*Hill v. Hatcher*, 80 Ala. 528; *Ala. Gold Life Ins. Co. v. Sledge et al.*, 62 Ala. 566; *Daily's Admr. v. Daily*, 66 Ala. 266; *Fitzgerald v. Williamson*, 85 Ala. 585; *Ward v. Ward*, 95 Ala. 335; *Cromwell v. Horton*, 94 Ala. 647.

The testimony of complainant, to the effect that she had not purchased nor received anything of value from L. Henderson, deceased, is legal, for the obvious reason that it does not relate to any transaction with or statement by the deceased.—*Scarborough v. Blackman,* 108 Ala. 656.

The testimony of the witness McCollough as to what was said at the time of the execution of the conveyance is admissible.—Greenleaf on Evidence, Vol. 1 p. 135; *Powell v. Henry,* 96 Ala. 417; *Hooper v. Edwards,* 25 Ala. 528.

SHARPE, J.—Complainant and her husband, E. G. Brunson, conveyed a tract of her land to L. Henderson by a deed containing warranties and a clause as follows: "In this conveyance I reserve the right to redeem within three years by paying this entry." L. Henderson died and this suit was brought against his heirs to have the deed cancelled on the alleged ground that it was intended as a mortgage to secure a debt of E. G. Brunson, and is therefore void under § 2529 of the Code, which declares "the wife shall not, directly or indirectly become the surety for the husband."

The chancellor found the complainant was entitled to relief, and we think the legal evidence in the record supports that finding. In what we have termed legal evidence, the testimony of McCollough to effect that he "understood from both Mr. and Mrs. Brunson that they were executing the instrument as a formal security for Mr. Brunson's indebtedness to Henderson," is not included, that being but the expression of a conclusion derived from *ex parte* statements of complainant and her husband. Nor does the legal evidence include testimony of complainant as to transactions had with Henderson in his lifetime. She being interested in the result of the suit, was under § 2765 of the Code, as amended by the act of February 10, 1901, incompetent to give such testimony against the objections made. As to those transactions E. N. Brunson was under § 1794 of the Code competent to testify. Not being a party to the suit, no right or liability of his could have been affected

by the result thereof. Success in the suit by complainant would not have enured to his benefit, since under existing statutes a husband is given no use or other right in the lands of his wife, and she may by her last will so dispose of the same as to prevent the descent to him at her death, of any estate in such lands. Such expectation as he may have depended upon the death of the wife, is analagous to that of an heir expectant, which, as held in *Harraway v. Harraway,* 136 Ala. 499, does not give rise to incompetency in a witness. The evidence including the testimony of E. G. Brunson and the recital above quoted from the deed leads fairly to the conclusion that the land originally belonged to complainant; that the debt due Henderson was the debt of E. G. Brunson, and that the purpose of the instrument sought to be cancelled was to convey the land, not in payment of the debt. That this was so is not really inconsistent with that part of the evidence which tends to show that upon the execution of the deed, Henderson delivered to E. G. Brunson his bond to convey the land back to complainant on payment of notes then executed by E. G. Brunson in the name of himself and complainant for amounts aggregating the amount of his debt with recitals that they were given for land. The transaction taken as a whole may have been, and we think, is proven to have been but an indirect provision for securing E. G. Brunson's debt with complainant's property, and such being the conclusion, she was entitled to relief.—*McNeil v. Davis,* 105 Ala. 657; *Giddens v. Powell,* 108 Ala. 621; *Osborne v. Cooper* 113 Ala. 405.

Decree affirmed.