# Maxwell *v.* Herzfeld, *et al.*

*Bill to Declare a Deed a Mortgage and to Declare the Mortgage Void Because Security for the Husband's Debt.*

( Decided Jan. 24th, 1907.   42 So. Rep. 987.)

*Mortgages; Absolute Deed as Mortgage; Conditional Sale.*—The complainant's husband being indebted to firm of which H. was a member, the complainant conveyed by deed absoltue on its face lands belonging to her separate estate to H., who applied the purchase money to the husband's debt to the firm. Complainant averred that at the time of the execution of the deed to H. he agreed to reconvey the land to complainant on payment to him of the consideration therein expressed, with 8 per cent interest. Held, that the conveyance was not a mortgage, and invalid under section 2529 of the code of 1896, but was a conditional sale of the land with a right to repurchase, and not a mere security for the husband's debt.

[Maxwell v. Herzfeld, et al.]

APPEAL from Coosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Susan P. Maxwell against Rosa Herzfeld and others. From a decree in favor of defendants, complainant appeals.

The case made by the bill is that orator was the owner and possessor of certain real estate, which was and is her statutory separate estate, and that her husband owed Herzfeld & Foshin a sum of money, and to pay said sum she sold the real estate to Herzfeld, who applied the purchase money to the payment of the debt due the firm. She alleges that the deed, absolute on its face, was intended as a mortgage to secure Herzfeld for his payment to his firm, and that the land was to remain hers as long as her husband paid the legal interest on his debt. The bill seeks to declare the deed a mortgage, and to declare it void as a mortgage, for that it was an attempt to secure the husband's debt. The respondent denied that the deed was intended to be a mortgage, but alleged a straight purchase of the land without reservation, and without any intention of placing the same as securtiy for the debt of orator's husband. Respondent further alleged that he paid full value for the land and received an absolute conveyance of the same. The tendencies of the evidence are sufficiently set out in the opinion. The chancellor denied the relief prayed for, holding the deed in the case, not a mortgage, but a conditional sale. From this decree this appeal is prosecuted.

FELIX L. SMITH, for appellant.—Bill is filed to have a deed absolute on its face declared a mortgage and the mortgage held void under section 2528, Code 1896. Courts of equity are not favorable to conditional sales and if it be doubtful whether the transaction was a conditional sale or a mortgage the courts are inclined to hold that the agreement was intended to be a mortgage. —*Peagler v. Stabler*, 91 Ala. 309; *Turner v. Wilkerson*, 72 Ala. 366. All the indicia of a mortgage are shown in the present case.—*Henderson, et al. v. Bronson*, 37 So. Rep. 549.

[Maxwell v. Herzfeld, et al.]

GEORGE A. SORRELL, for appellee.—The agreement in this case was a conditional sale with a right of re-purchase and not a mortgage.—*Parrish v. Gates*, 99 Ala. 254; *Swift v. Swift*, 36 Ala. 147. In any event the deed having been made by a third person to the wife at the request of the husband who paid the purchase money the same is void as to creditors.—*Wimberly v. Montgomery Fertilizer Company*, 132 Ala. 114; *Kelly v. Connell*, 110 Ala. 543; *First National Bank v. Smith*, 93 Ala. 97. That the evidence showed that the transaction was a conditional sale and not a mortgage the court is referred to the case of *Vincent v. Walker*, 86 Ala. 323.

TYSON, C. J.—The bill in this cause seeks to have a certain deed, absolute on its face, executed by complainant to one Herzfeld, declared a mortgage, and then to have the mortgage declared void, because given to secure the debt of her husband, in violation of section 2529 of the Code of 1896, which declares "the wife shall not, directly or indirectly, become the surety of the husband." From this statement it will be observed that the bill is not one for redemption, recognizing the validity of the mortgage, should the evidence warrant the finding of the fact that it was the intention of the parties that such should be the nature and character of the deed. Does the evidence establish the fact that the deed was intended by both parties to be a mortgage—a mere security for a debt? The burden of proving the affirmative of the proposition by clear and convincing evidence is undoubtedly upon the complainant. Conceding that it is shown the grantee in the deed agreed at the time of its execution that he would reconvey the land to complainant, the grantee, upon the payment to him of the consideration expressed in it, with 8 per cent. interest thereon; this fact will not, in and of itself, in this class of cases, have the effect of making the deed a mortgage, but must be held simply to have the force and effect of stamping the transaction as a conditional sale. This is upon the principle that "where the instrument, if construed to be a mortgage, will become void and operative to promote injustice by losing to the grantee his money paid for the land, and of restoring to the grantor prop-

erty without an honest return of the money actually received by him, and for the security of which such property was conveyed, the inclination of a court of equity, in a case of doubt, will be to regard the transaction as a conditional sale, and not a mortgage. That construction will rather be adopted, on well-settled principles, which will uphold the instrument, and not destroy it—which will work equity between the parties, and not injustice."—*Vincent v. Walker*, 86 Ala. 337, 5 South. 465.

This principle in no wise conflicts with the one relied upon by the appellant, so often announced and applied in cases where the bill was to have a deed declared a mortgage and to redeem, that courts of equity are inclined to consider the transaction as a mortgage rather than a conditional sale. In those cases this construction of the transaction is adopted because complete justice can be done to both parties. The mortgagee is secured in the payment of the money he may have loaned or advanced, with interest, and the mortgagor is protected in his equity of redemption.—*Turner v. Wilkinson*, 72 Ala. 365. No such consideration obtains here, and therefore the principles first above announced must govern and control. Here, if the deed be declared a mortgage and then stricken down, as prayed, because void, the grantee in it would have no security for the money he paid on the faith of the transaction to his firm. Upon a consideration of the whole evidence, we feel constrained to hold, upon the reasoning which was allowed to control in *Vincent v. Walker, supra,* that the complainant has not proven the allegations of her bill that the deed was understood and intended by Herzfeld to be a mere security for a debt.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.