[Farrow v. Cotney.]

# Farrow *v.* Cotney.

*Bill to Declare Deed a Mortgage and to Cancel Same Because Given to Secure Husband's Debt.*

(Decided July 2, 1907.   45 So. Rep. 69.)
(Rehearing denied Dec. 19, 1907.)

*Mortgages; Deed as Mortgage; Husband and Wife.*—A wife made a deed of her lands to the creditors of her husband, receiving as a consideration therefore $150.00 cash, and a surrender of the evidence of her husband's debt, amounting to $450.00. The grantees in the deed agreed to re-sell to her upon a payment of $600.00 and she gave her note for that amount. Held, the evidences of the husband's debt having been surrendered and the debt satisfied, the deed was not a mortgage to secure the debt, and, therefore, not void.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Julia E. Cotney against J. W. Farrow, to have a former deed declared a mortgage and to cancel it because given to secure the debt of the husband. From a judgment for complainant respondent appeals. Reversed and rendered.

GEORGE A. SORRELL, for appellant.   Mrs. Cotney could by deed absolute on its face, convey her land in payment of the husband's debt.—*Gidden v. Powell,* 108 Ala. 621; *Mohr v. Griffin,* 137 Ala. 467.   The reasons and propositions asserted in the case of *Vincent v. Walker,* 86 Ala. 336, and *Martin v. Martin,* 123 Ala. 191, are conclusive that under the evidence in this case, complainant was not entitled to recover.

LACKEY & BRIDGES, for appellee.   The wife cannot directly or indirectly become surety for the husband, and a mortgage by the wife of her separate property to secure the husband's debt is void.—Code, sec. 2529; *Clem-*

*ent et al. v. Draper, Mathis & Co.,* 108 Ala. 211; *Henderson v. Brunson,* 141 Ala. 674; *Giddens v. Powell,* 108 Ala. 621. In determining whether a particular transaction was a mortgage or a conditional sale, there are some facts which may be regarded as of controlling importance. Did the relation of debtor and creditor exist before and at the time of the transaction? or did the transaction begin in the negotiation for a loan of money? was there great disparity between the value of the property and the consideration passing for it? is there a debt continuing for which the vendor is liable? If any one of these exists, in a doubtful case, it will go far to show a mortgage was intended.—*Turner v. Wilkinson,* 72 Ala. 366; *Daniels v. Lowcry,* 92 Ala. 519; *Rose v. Gandy,* 137 Ala. 329. When several instruments in writing, having reference to the same subject matter, are executed at the same time, they will be regarded as one instrument and construed together.—*Sims v. Gaines,* 64 Ala. 392; *Elston v. Comer,* 108 Ala. 76. Where at the time of the execution of a deed absolute on its face the grantee in the deed executes his bond for title to the land back to the grantor, the transaction is not an unconditional sale, and in such case the rule requiring stringent proof by the grantor that the transaction was intended as a mortgage, is relaxed.—*Glass v. Hieronymous Bros.,* 125 Ala. 140. When there is doubt as to whether the transaction was intended as a mortgage or a conditional sale, it is the policy of the courts to declare it a mortgage.—*Cramer v. Brown,* 114 Ala. 612; *Rose v. Gundy,* 137 Ala. 329; *Reeves v. Abercrombie,* 108 Ala. 535; *Henderson v. Brunson,* 141 Ala. 674. The fact that the evidences of debt claimed to have been settled and paid by the conveyance were surrendered upon its execution, is of little importance in determining

whether or not the conveyance is a mortgage or a conditional sale.—*Elston v. Comer,* 108 Ala. 76.

McCLELLAN, J.—The purpose of the bill, presented by the wife, is to have a formal deed declared a mortgage, and to cancel it because given to secure the debt of the husband. The appellant asserts that the transaction was a valid sale and an agreement to repurchase within a given time. The chancellor granted, in the main, the relief prayed.

The wife may sell her lands in payment of the debt of the husband, but she cannot, directly or indirectly, so subject them, as a security therefor, that she may not have the securing instrument canceled and held for naught. This has been so often declared as to require no more than the statement of the rule. The issue here is one of fact, whether the transaction was an unconditional sale and agreement to repurchase by a given time, or a method to secure the payment of the husband's debt. The issue can, we think, be correctly determined by the answer to the question: Was the existing debt paid, satisfied by the conveyance of the lands to the appellant? It is axiomatic that there can be no mortgage unless there is a mortgage debt. We are of the opinion that the indebtedness existing prior to the conveyance was paid, settled, thereby; and hence the conveyance was not intended by the parties as a security for that indebtedness; and, of course, if not, the consequent agreement for a repurchase and the note given to that end did not rest upon any consideration other than that present in the agreement to repurchase. We will state, briefly, the reasons for this decision of the question of payment of the debt vel non :

The fact that a creditor of the husband is paid the debt by means of the conveyance, by the wife, of her

lands, is condemned by no known rule of law. That it may be lawfully, and therefore bindingly, done, is firmly settled in this state. Nor does the fact that, prior to or at the time of the transaction resulting in the conveyance of her lands, he is a creditor of the husband militate against the validity of the conveyance as such. In a proper case his relation to the husband may be of evidential force in explanation of the nature of the transaction and the intention of the parties; but, in spite of it, the burden of proof, to avoidance by the wife of the effect of the instrument as a conveyance, rests upon her. The record here proves indisputably that the debt to Farrow was paid. K. W. Cotney, the husband of the appellee, testified that the 'taking of that deed paid the whole debt. There hasn't been any transaction between us since. He gave up those papers—sent them to me by mail. Up to that time he held those papers against me. He was to send me my papers; was to send me all the papers back behind that transaction that he held against me, and this transaction was a settlement of all the indebtedness. And after the deed was made the whole thing was wound up until then, and he was to send me my papers. That was a final settlement. My recollection is that he sent those by mail. After that I did not owe him a cent, except that $600, and the $600 was what he was to sell the land back to us at, and give us 10 years to pay for it. * * * If Mr. Farrow holds a mortgage against me, it is unlegal after that final settlement." The appellee testified: "After that deed was made, we owed Mr. Farrow no debt except this note for $600. Mr. Farrow said he would give us all the time we wanted to pay for it, if it took us 10 years to pay for it. Mr. Farrow sent the papers and notes of my husband back to him. He was to send all papers and notes back of this deed to us, and that deed was to be a final settle-

ment.    *    *    *    I sent this cotton down there by Mr. Bailey, and Mr. Farrow sent back this cotton bill with this credit of $54.80. That was a credit on this $600 land transaction—a payment on it." Gussie Whaley, a daughter of appellee, testified: "It was my understanding of the transaction that the land was to pay what my father owed Mr. Farrow and for the money that he paid them that day; that was my understanding of it. That the deed was to pay the debt and for the money he let them have that day. He agreed to let my father and mother have the land back that day—sell it back to them for $600—is my recollection of the amount." It appears, further, that the appellant paid the $150 in excess of the $450 indebtedness, to the appellee, and surrendered his evidences of debt or securities therefor. There is no other evidence or inferable circumstance in the record of sufficient force to refute the positive statements quoted from complainant's witnesses. The debt being paid by the conveyance, there was left no subject upon which to rest a mortgage securing it.

The decree appealed from is reversed, and one is here rendered dismissing the bill.

Reversed and rendered.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.