# Boggs, *et al. v.* Holloway.

*Bill to Cancel Deed.*

(Decided Dec. 17, 1908. 47 South. 1017.)

*Evidence; Burden of Proof; Deeds; Drunkenness.*—The complainants have the burden of proof when seeking to cancel a deed on account of the drunkenness of one of the grantors at the time of its execution.

APPEAL from Randolph Chancery Court.

Heard before Hon. W. W. WHITESIDE.

[Boggs, et al. v. Holloway.]

Action by J. M. Boggs and another against K. D. Holloway for cancellation of a deed. From a decree for defendants, plaintiffs appeal. Affirmed.

R. S. Pate, and Hooten & Overton, for appellant The court erred in sustaining demurrers to the bill.—*Shipman v. Furniss,* 69 Ala. 555; Pom. Eq. Jur. ssec. 731; *Donalson v. Posey,* 13 752; *Holland v. Barnes,* 53 Ala. 83.

Stell Blake for appellee. The court properly sustained the demurrers to the bill.—*Galloway v. Hendon,* 131 Ala. 280; *Treadwell v. Torbett,* 133 Ala. 504. The court properly refused an injunction.—*Womack v. Powers,* 50 Ala. 5; *Holt v. Pickett,* 111 Ala. 363; *Wilson v. Miller,* 143 Ala. 271; 1 Ency of Law, 809; 22 Cyc. 788; 10 Ency P. & P. 947. The proof did not warrant cancellation.—*Johnson v. Rogers,* 112 Ala. 576; *Wright v. Waller,* 127 Ala. 555; 6 Cyc. 336. The bill should have been dismissed for a misjoinder of parties complainant. —Sec. 3129, Code 1907.

DENSON, J.—This bill is filed by J. M. Boggs and wife, M. E. Boggs, against K. D. Holloway, and prays the cancellation of a deed executed by complainants, conveying to the respondent title to a tract of land described in the bill. The equity of the bill rests upon the alleged drunkenness of J. M. Boggs at the time the deed was executed. On the submission of the cause on the pleadings and proof, the chancellor held that the proof on the subject of drunkenness was insufficient to authorize the relief prayed, and dismissed the bill on its merits From that decree the appeal is prosecuted.

The law in respect to the degree of drunkenness necessary to authorize avoidance of contracts is clearly set forth in *Wright r. Waller,* 127 Ala. 537, 29 South. 57,

54 L. R. A. 440, and need not be repeated here.—See, also, *Oakland v. Shelley,* 129 Ala. 470; 29 South. 385. The answer specifically and fully denies the material allegations of the bill. The burden of proof rests upon the complainants; and, while the evidence in respect to the subject of drungenness is in conflict, we are, after careful consideration, constrained to agree with the chancellor in his conclusion, and the decree appealed from will be affirmed.

This renders it unnecessary to consider other assignments of error, or to determine whether there is a misjoinder of parties complainant in the bill.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.