[Everett v. Estes.]

# Everett *v.* Estes.

*Bill to Declare Deed a Mortgage, and to Redeem.*

(Decided November 7, 1914.   66 South. 615.)

1. *Mortgages; Deed as; Evidence.*—The evidence examined and held insufficient to show that the deed in question was intended as a mortgage.

2. *Same.*—In a bill to declare a deed a mortgage, verbal admissions of the grantee that the grantor had a right to redeem, are not entitled to much weight.

3. *Same; Recovery.*—Under a bill to declare a deed a mortgage a complainant cannot have relief upon proof of an oral option to purchase.

4. *Evidence; Parol to Affect Writing; Deeds.*—A condition of repurchase cannot by parol be engrafted on an absolute deed after its execution.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by W. H. Everett against J. W. Estes, to declare a deed a mortgage. Decree for respondent and complainant appeals. Affirmed.

ISBELL & SCOTT, for appellant.

DAVIS & BAKER, for appellee.

SAYRE, J.—This record presents the inevitable conflict in the testimony and somewhat of the familiar difficulty of determining as a fact the intention of the parties, where the prayer is that a deed, absolute in form, be declared a mortgage. Upon due consideration of the evidence we have reached the conclusion that the chancellor's decree denying relief should be affirmed. Nothing is to be accomplished by a discussion of the evidence in its last detail, but, since the

parties are each seriously insistent upon their respective views, we will briefly state the grounds of our conclusion.

Appellant was indebted to the estate of Martha Sloane, deceased in the sum of $370, secured by a mortgage on his 80-acre tract of land, and the administrator of that estate had advertised a foreclosure under the power of sale contained in the mortgage. It is very well established, and not denied, that appellant approached appellee with a view to a sale of the entire tract at a proposed price of $14 an acre; but appellee's means were limited; he would himself have to borrow the money with which to make the trade and did not care to assume so large a burden of debt. However, after some negotiation, appellee agreed to take a deed of 40 acres of the tract at a price of $500. The money was paid, enough to the administrator to satisfy the mortgage held by him, the balance along with the mortgage was handed over to appellant, and a deed was duly executed and delivered to appellee. There is no question but that this deed was just what the parties intended it should be, so far as its terms are concerned. Appellant's contention that the money was advanced as a loan, and that the deed was intended to operate as a security only, rests upon his own testimony and that of divers witnesses who testify that, on several occasions after the transaction in question, appellee stated that appellant had the right to redeem. Testimony of this character is not usually considered as of much weight in cases like this.—*Rodgers v. Burt,* 157 Ala. 91, 47 South. 226; *Reeves v. Abercrombie,* 108 Ala. 535, 19 South. 41. Appellee denied that the transaction was anything other than the absolute sale evidenced by the deed, and denied also the statements attributed to him.

The fact that appellee borrowed the money he paid for and to appellant, and that he took a conveyance of only one-half of the tract appellant was trying to save from foreclosure, and that the antecedent mortgage was delivered up to appellant, goes far towards establishing the reasonableness and truth of appellee's insistence that the transaction was a sale and not a mortgage, while appellant's admission and proof by witnesses that the asserted right of redemption was expressly limited to be exercised by him alone seems to concede that the alleged right of redemption was in fact contracted for as a mere privilege or option of repurchase rather than as an assignable property right retained by him as mortgagor. Indeed, upon appellant's testimony as a whole, and apart from the countervailing evidence adduced by appellee, it appears that appellant has hardly been able to make out a prima facie case in consonance with the averments of his bill. Testifying as a witness in his own behalf, he would go no further in the affirmation of the necessary fact of a subsisting debt due from him and exigible by appellee than to say: "I owe Mr. Estes now $500, with the interest on it, I suppose."

He also deposed: "A few days before the trade was made, perhaps just one day before, he offered me $500, and I wouldn't begin to trade with him. He was down, I think, the next day. We got up the subject again, and I asked him if he would give me the $500, and give me a chance to redeem this fall. He said he would, but that nobody but me could redeem."

And further: "The trade was that I was to redeem my land."

Here appellant, describing his retained interest in the property, uses language apt to the description of the relation between mortgagor and mortgagee, but

[Everett v. Estes.]

there is nothing to indicate an appreciation on his part of its technical meaning. In describing the transaction itself and its preliminaries, his language is that of bargain and sale. This evidence, though taken at its best for appellant and apart from appellee's denial, hardly suffices clearly and convincingly to establish the fact that there was a common understanding and agreement of the parties that appellant was under obligation to repay the money, fails to establish the existence of a debt upon which appellee might have his action against appellant, and without which there can be no mortgage.—4 Mayf. Dig. p. 200, § 119.

If the deed was in fact mutually intended by the parties to operate as a deed, and not as a mere security, a condition by which appellant would be allowed to repurchase could not be subsequently ingrafted upon it by parol.—*Smith v. Smith,* 153 Ala. 504, 45 South. 168; *West v. Hendrix,* 28 Ala. 226. A parol contemporaneous agreement to such effect, if admitted by the party sought to be charged, greatly facilitates the complainant's relief by mitigating the strict rule as to the burden of proof imposed by law upon the party who would show that a conveyance absolute in form was intended to operate as a mortgage. *Daniels v. Lowery,* 92 Ala. 519, South. 352; *Reeves v. Abercrombie, supra.* But, of course, if the complainant in such a case establishes by parol the fact that the transaction was intended as a sale with the reserved privilege or option of repurchase, rather than a mortgage, he cannot have relief on a bill seeking to have the conveyance declared a mortgage.—*West v. Hendrix, supra; Martin v. Martin,* 123 Ala. 191, 26 South. 525.

The testimony of a number of witnesses called by appellee tended to contradict the case made for ap-

pellant, even though the evidence offered on behalf of the latter be construed with favor to his theory of its meaning and effect. It is unnecessary to enter upon any detailed statement of it. Upon the whole, we are of opinion that the chancellor correctly ruled that complainant had not made out his case by the weight of evidence the law required, and so that he committed no error in dismissing the bill.

Affirmed.

McCLELLAN, DE GRAFFENRIED, and GARDNER, JJ., coucur.