# Gravlee v. Cannon.

### Bill by Wife to Cancel Deed as Surety for Husband.

(Decided January 13, 1916.   70 South. 719.)

Husband and Wife; Contract; Surety for; Cancellation.—Where a deed executed by the wife recited that the grantee therein would reconvey the property upon the payment of a debt due by the husband of the grantor, and the grantor filed a bill to cancel the instrument on the ground that it was in fact a mortgage to secure a debt of the husband, the bill reciting that she had paid the debt due by her to the grantee, but had not paid her husband's debt, the allegations of the bill, considered in connection with the provision of the deed, were sufficient to show, if sustained by the evidence, that the conveyance was executed in violation of § 4497, Code 1907, and an order sustaining a demurrer to the bill was erroneous.

APPEAL from Fayette Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Ella Gravlee against Murray Cannon to declare a deed a mortgage, and to cancel the same because given as security for the debt of the husband. From a decree sustaining demurrers to the bill, complainant appeals. Reversed and remanded.

RAY & COONER, for appellant.   BANKHEAD & BANKHEAD, and BEASLEY & WRIGHT, for appellee.

McCLELLAN, J.—The amended bill, in which the wife is the sole complainant, seeks the cancellation of an instrument, in form a deed, upon the theory that it was in fact a mortgage on her property to secure the payment of the debt of her husband to the respondent, Murray Cannon.  This appeal is from a decree sustaining Cannon's demurrer; the chancellor expressly resting his ruling upon the fifth ground, which pointed the objection that the averments of the amended bill showed that the wife's property, described in the amended bill, was conveyed

by her in full payment and discharge of the husband's debt to Cannon, and not in security thereof—a conclusion that, under many authorities delivered here, would have been entirely sound if the allegations of the amended bill made a case of that character. This is the case made by the averments of the amended bill. W. L. Gravlee, complainant's husband, was, on 23d day of August, 1913, indebted to Cannon, respondent, in the sum of $1,048. Cannon, "being desirous of collecting said sum (from W. L. Gravlee), and finding that 'Gravlee' was unable to pay the same, entered into a contract" with complainant and her husband "substantially as follows: Hearing that" complainant "was desirous of securing a loan of, to wit, $1,250 on certain lands that she owned in her own right. * * * the said Cannon agreed to make a loan of $1,250 on said lands" to complainant, and the complainant and her husband "agreed to and did execute to Murray Cannon a conveyance" of the lands separately owned by the complainant. The instrument, in copy, is an exhibit to the bill. This instrument of conveyance recites that its consideration is $1,041.48 to the grantors in hand paid, after apt words of conveyance describes the lands mentioned in the bill, and also contains the following provisions: "It is agreed by the said Murray Cannon that he will resell and convey to the said E. L. Gravlee said property at any time prior to January 1, 1915, upon the payment to the said Murray Cannon of the sum of $1,041.48. If said amount is not paid to said Murray Cannon by the 1st day of January, 1915, this agreement becomes null and void."

The amended bill's averments characterizing the transaction as in fact a mortgage are these: "(4) That the said conveyance, under the said agreement, was not to be an absolute deed, but it was understood and agreed that, upon the payment to said Murray Cannon of said sum of, to wit, $1,048, without interest, which orator owed the said Cannon, by the date specified in said conveyance, that said Murray Cannon would reconvey to oratrix the lands described in the third paragraph of this bill.

"(5) That oratrix has paid off and settled the said debt of, to wit, $1,250, for the money she borrowed from said Cannon and for which she executed to him a mortgage on the other lands as above mentioned, but that the debt of her husband to said Cannon in the sum of $1,048 has not been paid.

"(6) Complainant alleges that the said conveyance to said Cannon of the lands described in paragraph 3 of this bill shows on its face that it was not an absolute conveyance, and they allege that the same was really a mortgage on the real estate of oratrix to secure the debt of orator, which he was unable to pay, and that the same is illegal and void.

"(7) Complainants allege that they have never parted with the possession of the land; it being the understanding and agreement that they should retain possession, and pay off the debt of orator, and they are now in the actual and constructive possession of the said lands'.'

(1) It is manifest from the concluding sentence in paragraph 5 that the amended bill expressly negatives the notion that the conveyance in question paid or discharged the husband's debt to Cannon. It is also clear that the indebtedness averred to have been paid was the separate, distinct loan of $1,250 made to the complainant, upon mortgage, by Cannon. In this state of the case the decision in *Farrow v. Cotney,* 153 Ala. 550, 45 South. 69, and others in that line, are without application; those rulings being based upon the fact that the debt of the husband was discharged, not secured, by the act of the wife in devoting her property to that purpose and effect. These considerations suffice to show the error in sustaining the fifth ground of the demurrer to the amended bill. Looking through the form to the substance, as this court is wont to do in such cases, it readily appears that the allegations of the bill, in connection with the quoted provision of the instrument, sufficiently set forth the substance of a right in the wife, if sustained by the proof, to have the conveyance canceled as in fact a violation of the statute (Code, § 4497) forbidding the securing of the debt of the husband with the property of the wife. If the instrument is read alone—disassociated from the stated allegations of the amended bill—it may be conceded, for the occasion, that its terms consist with an unqualified, absolute conveyance of the property, subject to the express right to repurchase, at a stipulated sum, by a fixed date. The stated allegations of the amended bill must be accorded appropriate effect in disclosing the real agreement between the parties as well as the circumstances attending and surrounding the transaction and the intent with which the complainant (wife) and Cannon reached an accord on the terms of the instrument. Under the allegations of the bill and the provisions of

[Lummus Cotton Gin Co. v. Walker, Supt.]

the instrument, the case made thereby is not different, in principle, from that considered by this court in *Henderson v. Brunson*, 141 Ala. 674, 37 South. 549.

The decree sustaining the demurrer is laid in error. It is reversed. The cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.