# Lewis, *et al.* *v.* Davis.

### Bill to Cancel Deed.

(Decided November 30, 1916.   73 South. 419.)

1. **Cancellation of Instruments; Cross Bill; Sufficiency.**—On a bill to set aside a conveyance a cross bill claiming an equitable lien and setting up that while but a small sum was paid the grantor at the time of the conveyance, yet the real consideration was loans by respondent to plaintiff to pay encumbrances and to make improvements on the land, was well pleaded.

2. **Deeds; Validity; Intoxication.**—Where drunkenness is relied upon to avoid a conveyance, it is necessary to show that at the time of the execution of the conveyance the intoxication of the grantor was such as to incapacitate him from exercising his judgment, and to prevent him from understanding the consequences of his act.

3. **Contracts; Validity; Intoxication.**—The drunkenness of a party at the time of the execution of a contract may render the contract voidable, but does not render it void.

4. **Deeds; Validity; Intoxication; Burden of Proof.**—Where a grantor seeks to cancel his deed because of intoxication at the time of execution, he has the burden of showing his incapacity at the time.

5. **Husband and Wife; Fraud on Wife; Conveyance.**—The fact that a grantor, then in contemplation of marriage, had no other intention than to secure the grantee against financial losses from loans or advances, and executed the conveyance in good faith immediately preceding his marriage did not vitiate the conveyance as a fraud on the rights of his intended wife.

6. **Same.**—A conveyance of land by a man contemplating marriage with the intention to defeat his prospective wife of her right of dower and homestead, or her statutory interest in the realty by virtue of the marriage, is a fraud on her rights against which equity will relieve.

7. **Equity; Reference.**—Where the bill sought to set aside a deed on the ground of want of consideration, fraud on the marital right of the grantor's wife, and the grantor's incapacity by reason of intoxication to execute the deed, the chancellor properly referred the ascertainment of the facts to the register on reference.

8. **Mortgages: Deed as; Requisites.**—To characterize a deed as a mortgage, it must have been given as security for a debt subsisting between the

parties at the time of its execution, and in the absence of an indebtedness the conveyance cannot be a mortgage; a conveyance absolute on its face but intended and understood to be merely a security for a debt, or the performance of some other condition is regarded in equity as a mortgage.

9. **Same; Form.**—The form of an instrument will not preclude inquiry as to its real nature, as equity looks to the final intent rather than to the form,. and though a conveyance be in the form of a deed, equity will plead it as a mortgage if the intent to secure an indebtedness is clear.

10. **Same; Enforcement.**—Where no method of enforcement is provided in a conveyance intended as a mortgage, but in form, a deed, equity will plead it as a mortgage and take jurisdiction to protect and enforce the lien.   ·

11. **Husband and Wife; Conveyance Before Marriage; Avoidance.**—Where a debt was due, and there was absence of circumstances making a transaction a fraud on other creditors, a creditor had the right to undertake to secure by mortgage, equitable mortgage, conveyance, etc., the amount of such indebtedness, and where a mortgage was given to secure such indebtedness without any intent on the part of the mortgagor to defraud his prospective wife of her marital rights, she could not avoid it after the marriage.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by George W. Lewis and wife against John W. Davis to vacate and annul a deed, and for general relief.   From a decree for respondent, complainants appeal.   Affirmed.

The bill alleges in substance that Lewis and Elizabeth Rowe were married on September 16, 1914, and that prior and up to that date Lewis was and had been the undisputed owner of a tract of land, which the bill describes, and the fact that Lewis owned said property was known to Elizabeth Rowe at the time she agreed to marry him, and that at the time of the marriage she had no knowledge that any transfer or deed thereof had been made to any person whatever.. That the respondent Davis claims that on the day of the marriage and prior thereto, George Lewis for a consideration of $500 executed and delivered to him a warranty deed conveying the lands described.   Other facts are alleged tending to show that at the time· the deed was executed Lewis was so drunk as to be unable to make a contract, and in fact had no recollection of having signed the deed, that he is an old man, and cannot either read or write, and is ignorant.   The property conveyed was all the property he owned, and that Davis and Lewis had been friends for years, and that Davis knew that after he was married he could not procure the signature of Elizabeth Rowe to any deeds whatever.   The respondent, after overruling of his demurrer to the bill, filed an answer to the cross-

bill, setting up the facts which sufficiently appear from the answer.

ESTES & JONES, for appellant.   ALLEN, BELL & SADLER, for appellee.

THOMAS, J.—The bill is filed by George W. Lewis and his wife, Elizabeth, for the purpose of having set aside a conveyance made by Lewis, on the day before his marriage, to the said Davis.

The grounds on which relief is sought are, the want of consideration, a fraud on the marital right of the wife, and incapacity of the grantor, by reason of intoxication at the time, to execute the conveyance.

Respondent (appellee here), answering the bill, denied the allegations therein contained, and alleged, not only that a small sum was paid to grantor at the time of the execution of the conveyance, but that the real consideration was loans made by grantee to grantor, for the purposes (among other things) of clearing the property of mortgage incumbrances, and erecting improvements on the lands in question.   Respondent prayed that his answer be taken as a cross-bill, for the establishment and enforcement of his equitable lien in the properties conveyed.

The chancellor held that the challenged conveyance was an equitable mortgage, decreed relief, and ordered a reference, to ascertain (1) what amount, if any, John W. Davis furnished said Lewis to relieve his said property from incumbrance; (2) what sum had been expended by Davis in the erection of houses and other improvements on said property; and (3) what sum was advanced by said grantee to the grantor on the 16th day of September, 1914, at the time the conveyance was executed, and what sum was due thereon.

(1) The cross-bill was well pleaded, and no error was committed in overruling the demurrer thereto.   It even set up an independent equity relating to the subject-matter of the bill.— *Betts v. Ward*, 196 Ala. 248, 72 South. 110; *Etowah Mining Co. v. Wills Valley Min. & Mfg. Co.*, 121 Ala. 672, 25 South. 720; *Yarborough's Adm'r v. Avant*, 66 Ala. 526; Sims' Ch. Pr. § 649.

(2-4) Where drunkenness is relied on to avoid a contract or conveyance, it must be shown that at the time of the execution of the instrument, or of entering therein, the obligor's, or grantor's,

intoxication was of such degree as incapacitated him from exercising his judgment and prevented him from understanding the consequences of his act or undertaking. The drunkenness of a party at the time of making a contract may render the contract voidable, but does not render it void.—*Wright v. Waller,* 127 Ala. 557, 29 South. 57, 54 L. R. A. 440; *Oakley v. Shelley,* 129 Ala. 467, 29 South. 385; *B. R., L. & P. Co. v. Hinton,* 158 Ala. 470, 474, 48 South. 546; *Snead v. Scott,* 182 Ala. 97, 105, 62 South. 36. On the complainant who seeks to cancel a deed on account of drunkenness of the grantor rests the burden of proof to show this incapacity, from intoxication, at the time of the execution of the instrument.—*Boggs v. Holloway,* 158 Ala. 286, 47 South. 1017. A careful consideration of all the evidence does not convince us that the complainants have discharged this burden of proof.

(5-7) On the phase of the case that the conveyance was a fraud on the marital rights of Mrs. Elizabeth Lewis, we may observe the gist of such action is, that the prospective husband had the intention, in the execution of the conveyance, to defeat the prospective wife of her right of dower and homestead, or whatever statutory interest she would obtain in the real property of the husband, in virtue of the marriage.—*Nelson v. Brown,* 164 Ala. 397, 401, 51 South. 360, 137 Am. St. Rep. 61; *Kelly v. McGrath,* 70 Ala. 75, 45 Am. Rep. 75; *Cannon v. B. T. S. Co.,* 194 Ala. 469, 69 South. 934; 21 Cyc. 1156. It is clear from the evidence that Lewis was indebted to Davis, that he had no intention to defeat the payment of the amounts so due, and that he desired to secure Davis for all sums advanced by him, or paid out for the account of Lewis or to relieve his properties from liens. It is further clear that Lewis knew of the proposed erection of buildings and improvements by Davis on the former's land. Lewis had no other intention than to secure Davis against financial loss from such payments or advances; and that he so secured the same immediately preceding his marriage to said Elizabeth did not vitiate the conveyance so made in good faith. The chancellor properly referred the ascertainment of the facts to the register, on reference.—*Sims' Ch. Pr.* §§ 600-609.

(8, 9) It is further contended that the court committed error in holding the deed to be an equitable mortgage. The essential fact to characterize a deed as a mortgage is that the conveyance was given as security for a debt subsisting between the parties.

at the time of the execution of the conveyance. If there was no indebtedness the conveyance cannot be a mortgage.—*Everett v. Estes,* 189 Ala. 60, 66 South. 615; *Sewell v. Holley,* 189 Ala. 121, 66 South. 506; *Martin v. Martin,* 123 Ala. 191, 26. South. 525; *Smith v. Smith,* 153 Ala. 504, 45 South. 168; *Ellington v. Charleston,* 51 Ala. 166; *West v. Hendrix,* 28 Ala. 226; 3 Pomeroy, Eq. Jur. 1196. A deed of conveyance of land, absolute and unconditional on its face, but intended and understood by the parties to be merely a security for the payment of a debt, or the performance of some other condition, is regarded and treated in equity as a mortgage. It is a settled doctrine of equity that the form of a transaction will never preclude inquiry into its real nature.—*Stoutz v. Rouse,* 84 Ala.. 309, 4 South. 170; *McMillan & Son v. Jewett,* 85 Ala. 476, 5 South. 145.

In *Markham v. Wallace,* 147 Ala. 243, 41 South. 304, there is quoted with approval from the cases of *Jackson v. Rutherford,* 73 Ala. 156, and *Bush v. Garner,* 73 Ala. 166, and 19 Am. & Eng. Ency. Law (2d Ed.) 13, and 3 Pom. Eq. Jur. § 1237, the rule of equitable mortgage. Mr. Pomeroy thus states the rule: "The form or particular nature of an agreement which shall create a lien is not very material, for equity looks at the final intent and purpose rather than the form; and if the intent appear to give, or to charge, or to pledge the property, real or personal, as a security for an obligation, and the property is so described that principal things intended to be given or charged can be sufficiently identified, the lien follows. * * * The intent to give security being clear, equity will treat the instrument as an executory agreement for such security."

In *Newlin v. McAfee,* 64 Ala. 364, Judge BRICKELL says: "The form of the agreement is not material; operative words of conveyance are not essential to the creation of a charge, or trust, which a court of equity will enforce as a mortgage. It is the intention of the parties to charge particular property, rights of property, or credits, with the payment of debts, which the court will regard."

(10) If no method of enforcement is provided a court of equity will take jurisdiction to protect and foreclose the lien.— *Averyt Drug Co. v. Ely-Robertson-Barlow Drug Co.,* 194 Ala. 507, 69 South. 931.

(11) There was evidence tending to show that all the while that the respondent was advancing money to George W. Lewis,

[Lewis, et al. v. Davis.]

and building up and improving his property and protecting it from liens, and paying the expenses of the last illness and the funeral of his former wife, respondent had in his possession a will, executed and delivered to him by Lewis, which respondent then doubtless believed was security for the money so advanced by him for Lewis' benefit. When respondent learned—if he did learn—that this will was about to become nugatory by reason of the marriage of Lewis, it was but natural that he should inquire of the fact of such impending or contemplated marriage. It was then, it seems, that Lewis told respondent he should not "lose a cent," and made a deed to secure respondent.

According to the respondent's answer and the testimony, no effort was made to take the property away from Lewis, or to collect the debt, till Lewis filed his bill to cancel the conveyance, which was in accord with Davis' (respondent's) former dealing with Lewis.

The testimony on the part of respondent was to the effect that the deed executed by Lewis was without solicitation on the part of the grantee or his wife; that it was "Lewis' own proposition." But if the true version of the procuring of the deed was that Davis or his wife requested it, this, in view of the past financial dealings and relations of the parties, would but evince a natural anxiety on the part of Davis to have other security than a will for the large sums advanced by him to clear Lewis' property from liens and to improve the same.

The debt being then due, and there being an absence of circumstances making the transaction a fraud on other creditors (*Simmons v. Shelton,* 112 Ala. 284, 21 South. 309, 57 Am. St. Rep. 39; *Allen v. Riddle,* 141 Ala. 621, 37 South. 680), Davis had the right to undertake to secure, by mortgage, or deed of conveyance, an equitable mortgage, or otherwise, the amount Lewis owed him. And the fact that he may have acted with diligence in procuring this security does not, under the circumstances disclosed by the evidence, vitiate the conveyance. The giving and the accepting of the security was an honest transaction between debtor and creditor—the security being for a debt incurred, in part, in the protection and improvement of the property embraced in the conveyance; and the conveyance was in legal effect a mortgage. Such a mortgage may not be avoided at the instance of one engaged to be married to the debtor-mortgagor at the time of the transaction, and who thereafter

marries such grantor, when it is clear that there was no intent on the part of the grantor, in giving the mortgage, to defeat and defraud the prospective wife of her right of dower and homestead, or other statutory interest, in the real property of the husband, to be acquired by the marriage.

Having due regard for the burden of proof (*Wooddy v. Matthews*, 194 Ala. 390, 69 South. 607), we are convinced that the chancellor reached the correct conclusion, and that it was properly declared in his decree of reference.

The decree of the chancery court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.