(128 So. 790)

**HOGAN v. MOORE.**

8 Div. 180.

Supreme Court of Alabama.

June 5, 1930.

A. J. Harris, of Decatur, for appellant.

W. H. Long, of Decatur, for appellee.

FOSTER, J.

■■ It is well understood that a conveyance by a wife of her lands to her husband's creditor, with the agreement that it is to operate as a security for the debt of her husband, will in equity be declared to have the qualities of a mortgage, and may be annulled as being in violation of the statute. Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084; Horst v. Barret, 213 Ala. 173, 104 So. 530; Peoples' Bank v. Barret, 216 Ala. 344, 113 So. 389; Gravlee v. Cannon, 195 Ala. 549, 70 So. 719, 720; Henderson v. Brunson, 141 Ala. 674, 37 So. 549. But an absolute conveyance to her husband's creditor, intended as a payment of his debt, will be given effect as a deed. Giddens v. Powell, 108 Ala. 621, 19 So. 21; Farrow v. Cotney, 153 Ala. 550, 45 So. 69.

In all such cases there is an allegation in the bill substantially that it was agreed and understood that the transaction was intended as security for the husband's debt.

In the case of Maxwell v. Herzfeld, 149 Ala. 67, 42 So. 987, allegations of that nature were made in the bill, but in support of them the evidence merely showed that the grantee at the time of the execution of the deed agreed that he would reconvey the land to the complainant, upon the payment to him of the consideration expressed in it, and 8 per cent. interest. The court said that the complainant has not proven the allegations of her bill, that the deed was understood and intended to be a security for a debt. This was substantially the situation in Farrow v. Cotney, supra.

In the case of Gravlee v. Cannon, supra, the court said: "If the instrument is read alone—disassociated from the stated allegations of the amended bill—it may be conceded, for the occasion, that its terms consist with an unqualified, absolute conveyance of the property, subject to the express right to repurchase, at a stipulated sum, by a fixed date."

■ The essence of the claim that the conveyance was intended as security is that there continues a binding debt in its fullest sense, not a mere privilege to pay or not at their election. Knaus v. Dreher, 84 Ala. 320, 4 So. 287; Martin v. Martin, 123 Ala. 191, 26 So. 525; Everett v. Estes, 189 Ala. 60, 66 So. 615; Lewis v. Davis, 198 Ala. 81, 73 So. 419.

■ The bill in this case does not allege that the deed and lease—option-contract—were agreed, understood, or intended by both parties to be a mortgage to secure the continued existence of the debt of her husband, or that they were different from what they purport on

their face to be. Smith v. Smith, 153 Ala. 504, 45 So. 168.

On the other hand, it alleges that the purpose of the deed was to cancel the debts of her husband, and to cancel the mortgage to secure them. The lease carried with it an option to repurchase the land by the husband and wife upon the payment of a sum fixed, together with the rents and advancements and other items named. The right could be exercised at any time during the life of the contract—eight years. It embraced the lands of both husband and wife. The deed recites that as its consideration a credit of $3,800 was allowed on the debt of $4,800, and that the grantee assumed an indebtedness of $6,330.50, which the bill alleges was also the husband's debt, and that the grantee had knowledge of that fact.

In the absence of an averment to the contrary, the instruments are presumed to recite the true nature of the agreement. Taking their recitals as correctly expressing the transaction, the court would not be justified in decreeing that it was intended as security for a debt. Authorities supra. There must be specific allegation that security for the debt was understood and intended by both parties to the transaction. Douglass v. Moody, 80 Ala. 61; Smith v. Smith, 153 Ala. 504, 45 So. 168.

Our conclusion therefore is that the decree overruling the demurrer should be, and it is, reversed, and one is here directed, sustaining the demurrers.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.