PIERRE M. VAN WYCK, by Committee, etc., Appellant, *v.* ARCHIBALD R. BRASHER et al., Respondents.

An habitual drunkard is not incompetent to execute a deed ; he is simply incompetent upon proof that at the time his understanding was clouded, or his reason dethroned by actual intoxication, or upon proof of general unsoundness of mind.

Argued April 22, 1880 ; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are set forth in the opinion.

*Samuel Hand* for appellant. The inquisition finding the grantor incompetent to contract or dispose of his property at

the time of this deed is *prima facie* proof of such incompetency at that time and threw the whole burden upon the defendants to show affirmatively, by preponderating evidence, that he was compctent to contract, and the gift such as a competent man would make. (*Nesbitt* v. *Lockman*, 34 N. Y. 167 ; *Hunter* v. *Akins*, 3 My. & K. 113 ; *Sears* v. *Shafer*, 2 Seld. 268.)

*William S. Cogswell* for respondents. Long-continued inebriety, though resulting in occasional insanity, does not require proof of a lucid interval to give validity to the acts of the drunkard, as is required where general insanity is proved. (*Gardner* v. *Gardner*, 22 Wend. 526 ; *Peck* v. *Cary*, 27 N. Y. 9.)

EARL, J. This is an action to set aside a deed of real estate situate in the city of Brooklyn, executed by the plaintiff to defendant Brasher, who subsequently conveyed the same real estate to the other defendant, on the ground that the plaintiff was incompetent to execute the deed.

The cause was tried before a judge without a jury, and he found against the plaintiff, and the judgment entered upon his decision was affirmed at General Term. There were no exceptions taken during the trial, and the case is before us solely upon exceptions taken to the findings of the judge, and his refusals to find as requested.

The deed was executed on the 21st day of June, 1877, for a consideration of but $100, conveying real estate worth about $5,000. On the 5th of July, thereafter, the plaintiff was, upon a commission issued for that purpose, judicially declared to be an habitual drunkard, and incompetent to manage his property, and to have been so for two years, and William M. Brasher, who brings this action, was appointed his committee.

Upon the evidence, it cannot be disputed that at the date of the deed the plaintiff was an habitual drunkard, that for a long time prior thereto, he was much of the time drunk and sometimes delirious, and that his health was much impaired. The evidence on the part of the plaintiff, standing alone, would show

quite satisfactorily that at the date of the deed he was incompetent to make a valid conveyance of real estate. But there was other evidence to be considered. The plaintiff was a bachelor, about fifty years old. The grantee was his cousin, to whom he was much attached. He was worth about $30,000 besides the house conveyed and one other house. When informed that the grantee, a married man, was by the death of his mother-in-law to lose his home, he at once offered to give him this house. He told him to see his lawyer — the one he had usually employed — and have him draw a deed of the same. The lawyer went to his house, and he gave the directions for drawing the deed and all the requisite information, in the absence of the grantee. He expressed a desire to reward the grantee for his past kindness. He executed the deed in a formal manner, and the lawyer who drew the deed and superintended its execution testified that he then appeared to be sober, intelligent and competent, and his evidence is confirmed by that of the grantee himself. The plaintiff was himself sworn, and his evidence tended to show that he executed the deed with a competent understanding of its purport and effect.

There was, therefore, conflict in the evidence, and we are concluded by the decision upon such conflict at the trial term. The judges at the General Term had jurisdiction to review the evidence, but they were divided, two of them being satisfied with the decision of the trial judge. One of them wrote a dissenting opinion, holding that the trial judge erred upon the evidence; but he said in his opinion that " the evidence as to the condition of Van Wyck on the 20th and 21st of June, is very conflicting." It is such conflict that makes the decision below upon the facts conclusive upon us.

A drunkard is not incompetent like an idiot or one generally insane. He is simply incompetent upon proof that at the time of the act challenged his understanding was clouded or his reason dethroned by actual intoxication. *Peck* v. *Cary*, 27 N. Y. 9 ; *Gardner* v. *Gardner*, 22 Wend. 526. Here there was no proof of general unsoundness of mind or of general

insanity, and none whatever that the grantee used any artifice, undue influence or fraud, to procure the conveyance.

We do not think the trial judge erred in refusing to find the facts requested.   Some of the facts were disputed or uncertain, and could properly be refused on that account; others were unimportant.

The judgment should be affirmed, but without costs.

All concur.

Judgment affirmed.