# Jones v. Hough.

*Action for Money Had and Received, by Mortgagee of Crops against Purchaser.*

1. *Proof of mortgage, where mortgagor and attesting witnesses sign by mark only.*—When a mortgage of personalty is signed by the mortgagor by mark only, and each of the subscribing witnesses signs by mark only, and neither of them is able to identify the paper or any of the marks, the execution of the instrument may be proved by the testimony of the mortgagee himself, or of any other person who saw the maker execute it; and it may be admitted as evidence on such proof, without more.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

This action was brought by J. O. Hough against K. T. Jones, was commenced in a justice's court, and removed by appeal into the Circuit Court, where the plaintiff had a verdict and judgment. The complaint claimed one hundred dollars, as money had and received by the defendant, to and for the use of the plaintiff. From the evidence adduced on the trial, as stated in the bill of exceptions, it appears that the plaintiff had a mortgage on the crops to be raised by one Dave Calhoun during the year 1881 ; and he claimed that the defendant had

received and sold the crops, having notice and knowledge of his mortgage. The plaintiff's mortgage was dated February 21st, 1881; was signed by said Dave Calhoun, by mark only, and attested by two witnesses, each signing by mark only; and the property conveyed by it was thus described: "All the crop that may be made, or caused to be made by me, during the present year; all of which is mine, and unincumbered, except two bales of cotton rent." The plaintiff, testifying as a witness for himself, was allowed by the court to prove the execution of this instrument, though the two attesting witnesses were present in court; and to this ruling, as also to the admission of the mortgage itself as evidence on this proof of its execution, exceptions were duly reserved by the defendant. These rulings, with other matters, are now assigned as error.

J. T. NORMAN, for the appellant, cited 1 Greenl. Ev. § 569; *Bennett v. Robinson*, 3 Stew. & P. 227; *Falls & Caldwell v. Gaither*, 9 Porter, 605; *Ellerson v. State*, 69 Ala. 2; *Jenks v. Ferrell*, 73 Ala. 238; *Russell v. Walker*, 73 Ala. 315.

STONE, C. J.—The first assignment of error raises the question of the legality and sufficiency of the proof of the mortgage, under which Hough asserted claim to the money sued for. That instrument purports to be signed with the maker's mark, and to be witnessed by two witnesses, each of whom signed only with a mark. The plaintiff alone was examined to prove the execution, and he testified that Dave Calhoun, the maker, executed it. On this proof it was allowed to go to the jury, and Jones, the defendant, excepted. Before the testimony in proof of execution was offered, defendant admitted that the subscribing witnesses, who were in court, if placed on the stand, "would state they were illiterate, and could neither read nor write; that plaintiff could not prove by said witnesses the execution of said mortgage; that neither of said witnesses could identify said mortgage as the writing each was requested to make [his or] her mark upon as an attesting witness, by said plaintiff; nor could either of said witnesses say that the mark appearing near [his or] her name as written, was [his or] her mark, nor could either identify the mark appearing near the name, Dave Calhoun." In such case as this, how is the execution of the paper to be proved?

In *Gilliam v. Perkinson*, 4 Rand. 325, is this language: "In the case before us, the witness has made his mark. Now I ask, how could this be proved?" There is a distinct, individual character in the handwriting of every man who can write; and with those who have written much, that character is so fixed and striking, that persons acquainted with it will

[Jones v. Hough.]

feel no more difficulty in recognizing it, than in knowing the face of the writer. Where the name of a witness is written by himself, therefore, it may generally be proved with something like certainty. But here, there was no writing. The name of the witness was written by another; and he makes a cross-mark—perhaps, the first and the last he ever made in his life. To attempt to prove such a signature as this, would be a mockery of justice. And the court, seeing this, did right in allowing the handwriting of the party to be proved." In *Watts v. Kilburn*, 7 Ga. 356, Justice Lumpkin, with his accustomed strong common sense, said: "The name of the witness is written by another, and he makes a cross-mark. In this there is nothing distinctive to fix its identity. Who can know it? Upon this point, then, we think the court was right in treating such a signature as a nullity, and allowing the handwriting of the party to be proved." In *Jackson v. VanDusen*, 5 Johns. 144, the attesting witnesses were dead. One of them, who could not write, had adopted as his mark an imperfect representation of the capital letters, *S. W.*, the initials of his name. The court said: "Some slight evidence was given to prove the letters *S. W.* to have been made by Samuel Wheeler, the third witness; but to the latter I do not now, nor did I at the time, attach any importance."—1 Whar. Ev. § 727. See *George v. Surry*, 1 Moody & Malk. 516; *Baker v. Dening*, 8 Adol. & El. 94; *Allaire v. Allaire*, 8 Vroom, N. J. Law, 312. The Circuit Court did not err in receiving proof of the execution of the mortgage, nor in allowing it to be read to the jury.

It would seem that one of the controverted questions of fact in the court below, must have been, whether the agreement for the lease of the "Long field" was entered into before February 21st, 1881—the date of Dave Calhoun's mortgage to Hough; and that a second mooted question was, whether Dave Calhoun was, in fact, a lessee with Fields. In this controverted state of the proof, we find no error in either of the charges excepted to.

Affirmed.