129  467
140  416

# Oakley v. Shelley.

*Bill in Equity to Cancel Deed.*

1. *Cancellation of deed on ground of drunkenness at time of its
   execution; sufficiency of evidence.*—On a bill filed praying
   the cancellation of a deed on the ground that, at the time
   of its execution, the grantor was made so drunk by the
   grantee as to be incapable of entering into a valid con-
   tract, it was shown by the evidence that while the grantee,
   who was the respondent in the bill, gave the complainant
   at least two drinks of whiskey, and the complainant was
   partially intoxicated by it, the proof was not satisfactory

[Oakley v. Shelley.]

that the intoxication so produced seriously impaired complainant's judgment or his capacity to take care of his own interest, and he showed no physical signs of drunkenness, but it appears that he contended for and obtained a concession on the part of the defendant in the increase of the purchase price paid for his property, which was the consideration expressed in the deed. *Held*: Such proof fails to sustain the allegations of the bill with respect to complainant's lack of contractual capacity, and therefore, the relief prayed for should be denied.

2. *Same; same; estoppel.*—On a bill filed for the cancellation of a deed on the ground that complainant, who was grantor therein, was so drunk at the time of its execution as to be unable to enter into a valid contract, where it is shown that subsequent to the execution of such deed the complainant for several weeks afterwards manifested no dissatisfaction with the transaction, but on the contrary acted upon it to his own advantage by selling personal property which was included in a mortgage to satisfy which the deed was executed, by such action the complainant affirms his execution of the deed; and, having made it impracticable to restore the respondent to his former position, is estopped to deny the validity of the deed.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. WM. L. PARKS.

The bill in this case was filed by appellee, R. E. Shelley, against appellant, W. F. Oakley, and prayed to have a certain deed of conveyance executed by the plaintiff to defendant set aside and cancelled.

The grounds upon which the relief is prayed for and the facts of the case are sufficiently set forth in the opinion.

Upon the final submission of the cause on the pleadings and proof the chancellor decreed that complainant was entitled to the relief prayed for and so ordered. Defendant appeals from this decree, and assigns the rendition thereof as error.

J. G. COWAN and W. L. LEE, for appellant.

R. H. WALKER, *contra*.

[Oakley v. Shelley.]

SHARPE, J.—On the 9th of December, 1879, complainant executed to respondent a mortgage on the land in controversy and on crops and certain machinery, including a gin, a boiler and a saw, to secure a recited indebtedness of $647.63, due to a firm of which respondent was a member.

On November 18th, 1898, the mortgage debt being then in part due, complainant conveyed the land to respondent by an absolute deed for the stated consideration of $900 made up of a balance due on that debt together with certain accounts on third persons transferred to complainant, and respondent's due bill for $43; and it was agreed that the mortgage be satisfied thereby releasing the personal property. A few weeks thereafter complainant refused to yield possession of the land and when sued therefor, he filed this bill praying cancellation of the deed on the ground that at the time of its execution he was by the respondent's procurement "brought so much under the influence of whiskey as to be incapable of business of any character."

The right of a mortgagor to redeem his property before foreclosure is jealously guarded in equity so that agreements for its extinguishment as by a sale from the mortgagor to the mortgagee will be closely scrutinized by the court; and if found to have been induced by unfair or oppressive use of the advantage which is presumed to be held by the mortgagee, such an agreement will be set aside and redemption allowed.—*Locke's Extr. v. Palmer*, 26 Ala. 313; *Goodman v. Pledger's Admr.*, 14 Ala. 114; Story's Eq. Jur., § 1019. Such a sale, however, will be upheld when fair since both parties may desire it and each may consider it beneficial to himself, and in such case the maxim "once a mortgage always a mortgage" is not applicable.—*Peagler. v Stabler*, 91 Ala. 308; *Parmer v. Parmer*, 74 Ala. 288; *McKinstry v. Conly*, 12 Ala. 312; 2 Pom. Eq., § 1193, note 1. Here it is not alleged in the bill the respondent made any misrepresentation to, or obtained any financial advantage over, complainant, and though some evidence is directed to showing that the land was worth more than the price paid, it appears to be outweighed by evidence to the contrary.

[Oakley v. Shelley.]

Upon the question of drunkenness, the ground upon which is rested the equity of the bill, there is conflicting testimony. It is proven that the respondent gave the complainant at least two drinks of whiskey, and it is fairly inferable from the testimony that the complainant was partially intoxicated by it; but the proof is not satisfactory that the intoxication was in a degree to seriously impair his judgment and capacity to look out for his own interest. It is not shown that he exhibited physical signs of drunkenness; and it does appear that he intelligently contended for and obtained about one-third more for the property than was first offered. We are of the opinion that the proof taken as a whole fails to sustain the allegation of the bill with respect to the complainant's lack of contractual capacity, and that relief must be denied for that reason. Besides this, the complainant's conduct subsequent to his execution of the deed would furnish a ground for such denial. Unlike general and permanent insanity and idiocy, drunkenness does not create such legal incapacity as will alone render a contract wholly void. Though it may furnish the party suffering from it ground for rescission, yet being voidable only, the contract may be affirmed and made binding by him after he becomes sober.—Benj. on Sales, § 33; *Carpenter v. Rodgers,* 61 Mich. 384; 1 Am. St. Rep. 595; *Van Wyck v. Brasher,* 81 N. Y. 260; *Wright v. Waller,* 127 Ala. 577. This complainant manifested no dissatisfaction with the trade for several weeks after its consummation, but on the contrary he acted upon it to his own advantage by selling the gin, boiler and saw which before the trade had been included in the mortgage. Such sales were wholly inconsistent with an intention to avoid the contract of sale, inasmuch as they made it impracticable to restore to respondent the interest he held in that property under the mortgage. By such action the complainant ought to be held to have affirmed his execution of the deed, even if it had been previously subject to the alleged infirmity.

Let the decree appealed from be reversed, and let one

be here rendered dismissing the bill and directing that the appellee pay the costs in this court and in the chancery court.

Reversed and rendered.