# Noble *et al. v.* Graham.

*Bill in Equity to redeem Lands from under Mortgage.*

1. *Redemption; right of mortgagor and mortgagee to sell and purchase equity of redemption.*—The mortgagor of property has the right to sell or otherwise dispose of the equity of redemption, and the mortgagee has the capacity to buy such equity of redemption; but if the mortgagee uses the power his mortgage has given him to obtain the equity of redemption for less than its value and for less than others would have given for it, a court of equity will hold such transaction as a mortgage and will permit the mortgagor to redeem.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellee, Ida Graham, against the appellants, George D. Noble and Ida P. Noble. The purpose of the bill and the facts as averred in the bill as amended, are sufficiently shown in the opinion.

Respondents demurred to the bill as amended upon the following grounds: "1st. That said bill as amended fails to aver that the complainant has tendered or offered to tender to the defendant, George D. Noble, the hundred and eighty dollars in cash paid to her by him as the consideration for the deed executed by him or to her

as set forth in paragraph No. 3 of said bill. 2d. That said bill as amended set up a contract between complainant and George D. Noble, a copy of which is attached to said bill, and seeks to have the same avoided, without any allegation that said contract is voidable for any fraud or for any other reason. 3d. That said bill as amended fails to pray that said contract, alluded to in the bill, be avoided or corrected or reformed. 4th. That said bill as amended shows that complainant is in possession of and holding the land mentioned in said bill under a valid contract of rental made by and between complainant and George D. Noble. 5th. That said bill as amended shows that complainant holds possession of the land described in the bill as the tenant of George D. Noble under a valid lease, and yet seeks to assail the title to said land of her said landlord without returning the possession thereof, or that portion thereof now so held by her, to her said landlord. 6th. That while the deed of complainant to Noble is asked to be cancelled and rescinded for alleged fraud, yet the contract attached as an exhibit to the bill is not attacked for fraud or other invalidity, but the same is from the averments of the bill, a valid and binding contract. 7th. That said bill fails to offer to do equity. 8th. That said bill, as amended, fails to aver that complainant is ready, able, and willing to repay said George D. Noble the $180 received by her from him as the money consideration of the deed executed by her to him."

On submission of the cause on the demurrer to the bill as amended, the judge of the city court, sitting as chancellor, rendered a decree overruling the demurrer. From this decree respondents appeal, and assign the rendition thereof as error.

RAY RUSHTON, for appellants.—It will hardly be contended that the purpose of the amended bill is to rescind on account of Noble's failure to provide for complainant's necessities. It could not be maintained on such a theory.—*Gardner v. Knight,* 124 Ala. 273.

Complainant's only claim is that Noble failed to put into the agreement a promise to support her for life. She

[Noble *et al.* v. Graham.]

discovered after making the deed that it did not contain the alleged stipulations. After this discovery, she went to him and got the contract from him of which Exhibit A is a copy. She cannot rescind after entering into new stipulations with full knowledge of the fraud.—*Sadler v. Robinson,* 2 Stewart, 520; *Griggs v. Woodruff,* 14 Ala. 9.

Although complainant claims that she did not get the contract from Noble until after she had made him the deed, it was all one contract, and she cannot hold to a part of it and rescind another part.—18 Ency. Pl. & Pr., p. 831; *Betts v. Gunn,* 31 Ala. 219; *Hartley v. Matthews,* 96 Ala. 227.

HUGH NELSON, *contra.*—The agreement to support was coupled with the sale as part of the consideration. Under these circumstances the complainant would be entitled to have it reformed if she desired it, but inasmuch as the defendant has repudiated it as actually made, he is also entitled to have it rescinded, and to be restored to his former condition."—*Schwear v. Haupt,* 39 S. W. Reporter, 825; *Morgan v. Loomis,* 78 Wis. 594.

It is well settled that where the party agreeing to furnish support, fails or refuses to keep the agreement, a court of equity will give relief to the grantor in the conveyance, but whether a reconveyance will be decreed, or a lien given, or a receiver appointed, seems to be differently decided. See *Payette v. Ferrior,* 55 Pac. 629; (Wash. Sup. Ct.); *Thomas v. Thomas,* 24 Or. 251, 33 Pac. 565; *Patterson v. Patterson,* (Iowa), 47 N. W. 768; *Bresnahan v. Bresnahan,* 46 Wis. 385; *Jenkins v. Jenkins,* 3 T. B. Mon. 327; *Scott v. Scott,* 3 B. Mon. 2; *Reid v. Burns,* 13 Ohio St. 49; *Leach v. Leach,* 4 Port. (Ind.) 628; *Devereaux v. Cooper,* 11 Vt. 103; *Yoakum v. Yoakum,* 77 Ill. 85; *Blake v. Blake,* 56 Wis. 392; *Delong v. Delong,* 56 Wis. 514; *Divan v. Loomis,* 68 Wis. 150; *Stoel v. Flanders,* 68 Wis. 256; *Harstin v. Harstin,* 74 Wis. 1; 77 Wis. 439; *Martin v. Martin,* 44 Kan. 295.

"The right of a mortgagor to redeem his property before foreclosure is jealously guarded in equity, so that

agreements for its extinguishment as by a sale from the mortgagor to the mortgagee will be closely scrutinized by the court; and if found to have been induced by unfair and oppressive use of the advantage which is presumed to be held by the mortgagee, such an agreement will be set aside and redemption allowed."—*Oakley v. Shelley,* 129 Ala. 467. See also *Stoutz v. Rouse,* 84 Ala. 309; Story's Equity, § 692; *Reid v. Burns,* 13 Ohio St. 49; *Dunn v. Chambers,* 4 Barbour's Sup. Ct. R. 376.

SHARPE, J.—Apparently the object of the amended bill of complaint is to effect redemption of complainant's lands from a mortgage given by her to James T. May and afterwards acquired by defendant George D. Noble, and to remove impediments to such redemption, one of which exists in the form of a conveyance of complainant's equity of redemption to George D. Noble, and another in the form of a conveyance from the latter to the defendant, Ida P. Noble.

This appeal being from a decree overruling a demurrer, brings for consideration the merits of the bill only so far as the same depends upon the case made for avoiding the conveyance of complainant's equity.

To this phase of the case is applicable the principle which in *Goodman's Ex'rs. v. Pledger's Admrs.,* 14 Ala. 114, was thus stated: "The mortgagor of property, real or personal, may sell, or otherwise dispose of the equity of redemption, and the law does not render the mortgagee incapable of purchasing from him. The mortgagor, therefore, has the right to sell, and the mortgagee the capacity to buy the equity of redemption. But the principle is settled, and we think in accordance with strict morality, that if the mortgagee use the power his mortgage may have given him, to obtain the equity of redemption at less than its value, and for less than others would have given for it, a court of equity will hold the transaction a mortgage, and permit the mortgagor to redeem." For authorities recognizing the correctness of this principle see *Oakley v. Shelley,* 129 Ala. 467; *Locke's Ex'rs. v. Palmer,* 26 Ala. 313; *Hyndman v. Hyndman,* 19 Vt. 9; 46 Am. Dec. 171; Jones on Mortgages, § 1046.

[Noble *et al.* v. Graham.]

In the bill it is in substance alleged that the mortgaged lands are worth $2,000.00; that the note complainant originally gave to May and secured by the mortgage was for $650.00, which sum included usurious charges; that by deducting such charges and payments by her to May, nothing would be due, though offer is made to pay with interest such amount as on an accounting may be found due on the mortgage. It further appears from the bill that defendant George D. Noble claimed the mortgage through transfers made after maturity of the same, beginning with a transfer from May's trustee in bankruptcy. Also that he advertised the lands as for sale under the mortgage and demanded possession of them while they constituted the home of complainant; that she was nearly sixty years of age, suffering great bodily pain and addicted to the excessive use of morphine. It is further shown that under the circumstances mentioned, complainant orally agreed to give a deed to George D. Noble and to turn over to him certain personal property, in consideration of his paying her $180.00 in cash, furnishing her a home on the land and necessaries for her support through life. It is further alleged in substance that George D. Noble wrote the contract whereby complainant conveyed the land to him absolutely and intentionally omitted therefrom his oral promise; that complainant signed the same in reliance upon his representation that the writing embodied all the oral agreements previously made; that he thereafter gave her a written promise which as exhibited shows nothing of his agreement to furnish necessaries for her support and that he refuses to contribute to her support.

The averments from which this statement of facts is condensed may be lacking in formality and the bill may not be above criticism in other respects, but assuming the truth of these averments as must be done on demurrer, and applying thereto the doctrine above referred to, the bill must be held good as against objections raised by the demurrer.

The bill shows that under the contract sought to be avoided George D. Noble received personal property worth more than the $180.00 he paid under the contract,

and this fact obviates the objection made to the bill on account of the absence therefrom of any offer to make restitution of that sum.

Affirmed.