# Birmingham Railway L. & P. Co. v. Hinton.

## *Action for Damages for Death of Intestate.*

(Decided Nov. 19, 1908.    Rehearing denied Feb. 5, 1909.
48 South. 546.)

1. *Insane Persons; Contract.*—A contract of one permanently insane is not voidable merely but void.

2. *Contracts; Validity; Mental Capacity.*—A contract is merely voidable, and hence, may be ratified or disaffirmed on the cessation of the temporary incapacity where the mental incapacity of the person to contract is temporary, such as from the influence of opiates, etc.

3. *Same; Disaffirmance; Return of Consideration.*—Where a contract is rendered voidable by temporary incapacity to make it, in order to disaffirm it on the cessation of the disability, the consideration received thereunder must be returned.

4. *Appeal and Error; Assignment of Error; Necessity for.*—Where there is no assignment of error on the record as to rulings on demurrer, such rulings will not be considered on appeal.

5. *Same; Review; Questions Considered.*—Where, upon another trial, the jury will have to be selected under a different statute, this court will not consider on appeal assignments of error relative to the selection of a jury under a different statute.

6. *Charge of Court; Applicability to Evidence.*—A charge asserting that if intestate's child was placed in a safe place from the fire, and afterwards, through intestate's negligence, was allowed to re-enter the burning building, and intestate was burned in attempting to rescue the child, defendant would not be liable is abstract, since there was no evidence that intestate's negligence caused the child to re-enter the burning building.

7. *Same; Ignoring Evidence.*—Requested instructions which ignore evidence in the case are properly refused.

8. *Negligence; Proximate Cause; Contributing Cause.*—A defendant is liable, although intestate's death was directly caused by blood poisoning, if the blood poisoning resulted from injuries inflicted by defendant's negligence.

9. *Railroads; Setting Out Fire; Presumption.*—The recent passing of a train followed shortly by the discovery of fire in a building near the track, does not raise the legal presumption that the fire was started by the train.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Francis E. Hinton, administratrix, against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The action is for damages for the death of the plaintiff's intestate, who was burned, in the destruction of a house by fire, to an extent that it was claimed to have resulted in her death, and that the fire was set out by sparks from the defendant's locomotive engine. The evidence tended to show the burning of the house and that the fire was set out by sparks from defendant's locomotive. It also tended to show that all the persons who occupied the house got out of the house in safety, but that some of them were burned in an endeavor to rescue the furniture, when one of the little children followed their grown-up sister back into the house, when the mother, plaintiff's intestate, returned to the burning room in order to rescue the child that had returned to the burning house, and was burned. Defendant's evidence tended to show that the death resulted from other causes than the burn, and that the causes were not present when the burn was inflicted, as her death happened 13 months after the burn. The pleadings are sufficiently set out in the opinion.

The following charges were refused to the defendant:. "(3) If the jury believe the evidence that the child Clyde was, before the intestate was injured, placed in a place of safety from the fire, and afterwards through the negligence of the intestate, Mrs. Hinton, allowed to re-enter the burning house, and if the jury believe from the evidence that the intestate was burned in an attempt to rescue this child after it returned to the burning house, then the jury must find for the defendant." "(8) No presumption of law arises, from the recent

passing of a train and the discovery of the fire shortly after in a building near the track, that the fire was set out by the train." "(10) If the jury believe from the evidence that the intestate voluitarily returned into the house after she had discovered the child, and after she had reached a place of safety from the fire, and would not have been burned but for such fact, the jury must find for the defendant: (11) If the jury believe from the evidence that plaintiff's intestate would not have been burned but for the fact that she voluntarily returned to the burning house after having reached a place of safety, they must find for the defendant." "(15) If the jury believe the evidence that the intestate and the other inmates of the house had ample time and opportunity after their discovery of the child to have escaped from the burning house by the exercise of reasonable diligence, they must find for the defendant."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The demurrer to the 3rd replication to the 3rd plea should have been sustained. Where mental incapacity is not of a permanent character, the rule seems to be that the contract is merely voidable.—*Wright v. Walker*, 127 Ala. 557; *Oakley v. Shelley*, 129 Ala. 467; *Goest v. Williams*, 13 Am. Rep. 370; *Williams v. Inaguet*, 1 Bail. L. 343; *Johnson v. Harmon*, 94 U. S. 371; *Barker v. Northern Pac.*, 65 Fed. 460; *Och v. Missouri Ry. Co.*, 31 S. W. 962; *Cooney v. Lincoln*, 79 Am. St. Rep. 799; *Rawdon v. Rawdon*, 28 Ala. 565. The fact set up in the replication shows no more than temporary incapacity, and this being true, an offer to return the sum paid should have been made.—*Harrison v. Ala. Mid. Ry. Co.*, 144 Ala. 246. The replication neither denies nor confesses and avoids the pleas.—*Fidelity M. L. I. Co. v. Batson*, 136 Ala. 330. If the replication should be held

to show the absence of an agreeing mind, it would be tantamount to a plea of non est factum, and should have been sworn to.—*Winston v. Moffatt*, 9 Port. 518; *Milligan v. Pollard*, 112 Ala. 465. Charge 3 should have been given.—*Denuay v. Morgan L. Ry. Co.*, 14 South. 60; *Pratt Coal Co. v. Gauley*, 83 Ala. 275; *A. G. S. v. Dobbs*, 101 Ala. 219; *A. G. S. v. Burgess*, 116 Ala. 509; 4 Am. St. Rep. 752; 39 ld. 449; 49 Id. 406; 44 Id. 47. Counsel discuss other assignments of error, but without citation of authority.

ESTES, JONES & WELCH, for appellee. Under the facts set up in the replication, the plaintiff was under no duty to return or offer to return the sum paid for the release.—*Pac. Ry. Co. v. Lewis*, 19 A. & E. R. R. cases, 224; 7 Rapalge & Macks Dig. of Ry. Law, p. 7; 34 Am. Rep. 349; 4 Id. 393; 24 A. & E. Ency of Law, 308; *Western Ry. of Ala. v. Arnett*, 137 Ala. 414; 104 Ala. 503; 201 Ill. 153; 73 S. W. 1082; 20 A. & E. Ency of Law, 762. Counsel discuss other assignments of error, with citation of authority, but in view of the opinion it is not deemed necessary to set them out.

DOWDELL, J.—This is an action to recover damages for personal injuries received by plaintiff's intestate through the alleged negligence of the defendant, and which said injuries it is averred resulted in the death of said intestate. In answer to the complaint the defendant pleaded the general issue and four special pleas. By the third special plea the defendant pleaded a release in writing, which said release is set out in haec verba in the plea. To this plea the plaintiff filed a number of replications, to which demurrers were interposed by the defendant. The demurrers were overruled as to replications 3, 9, and 10, and sustained as to the others. The

overruling by the court of the demurrers to replications above numbered is here assigned as error, and insisted on as such. Replication 3 was as follows: "For repli- cation to the third plea, the plaintiff says that if the de- fendant has a release, as averred in said plea, it was given at a time when palintiff's intestate was under the influence of drugs and opiates to such a degree that she was mentaly incompetent and incapacitated to contract; hence said release is void and furnishes no defense in this action." The question raised by the demurrer to this replication is whether or not, on the facts stated, the contract of release is void, or only voidable, and, if only voidable, whether such defense is available without first returning or offering to return the money paid and received in consideration of the release.

This question is common to each of the replications to the third plea, to which demurrers were interposed and overruled. We think there can be no distinction in principle, where mental incapacity to contract is set up in avoidance of the contract, whether it is produced by intoxication from strong drink or by the administration of drugs or opiates. In either case the mental incapacity is of a temporary character. The courts, however, in respect to contracts, have taken a clear distinction where the incapacity is the result of permanent insanity, and where it is the result of intoxication, and hence only temporary. In the former case the contract is void, while in the latter it is merely voidable. Is the case of *Oakley v. Shelley,* 129 Ala. 467, 29 South. 385, it was said by this court: "Unlike general and permanent in- sanity and idiocy, drunkenness does not create such le- gal incapacity as will alone render a contract wholly void. Though it may furnish the party suffering from it ground for rescission, yet, being voidable only, the con- tract may be affirmed and made binding on him after he

becomes sober."—*Wright v. Waller,* 127 Ala. 557, 29 South. 57, 54 L. R. A. 440, wherein authorities are collated relating to mental incapacity to contract produced by drunkenness. The contract in the case before us being voidable, and not void, was open to affirmance or disaffirmance on the termination of the temporary incapacity produced by the drugs and opiates. If disaffirmed, the duty rested upon the party to return the money received. A party may not repudiate a contract, and at the same time hold onto and enjoy the benefits received under it.—*Harrison v. Ala. Mid. Ry.,* 144 Ala. 246, 40 South. 394, and authorities there cited. In the case of *Western Ry. v. Arnett,* 137 Ala. 414, 34 South. 997, cited by counsel for appellee, it was held that a return of the money received was not necessary, where the replication alleged that it was made as a gift. Such is not the case before us. The replications in the present case, on the facts stated, disclosing a contract voidable merely, and failing to allege a return of the money received, or some sufficient excuse in law for not doing so, were rendered by such omission subject to the demurrers.

It is argued by counsel for appellant that eror was committed in overruling the demurrers to the second replication of the plaintiff to the defendant's second plea. There is no assignment of error in the record on this ruling of the court below, and we will not, therefore, consider it.

There is no necessity for a discussion of the question raised upon the selection of the jury, since upon another trial of the cause the jury will be selected under a different statute.

The next question insisted on, presented by the twelfth assignment of error, is a refusal to give written charge 3 requested by the defendant. We fail to find any evidence in the record tending to show that plaintiff's intestate

was guilty of negligence in respect to the child Clyde going back into the burning building after having been carried to a place of safety. The charge was abstract, and for this reason, if no other, properly refused.

Charge 6, refused to the defendant, hypothesizes a fact not shown in the evidence; that is, that plaintiff's intestate "came through the miscarriage all right." The evidence, as well as all of its tendencies, were without dispute that she did not come through the miscarriage all right. This charge ignores the evidence which tended to show that the injuries received by said intestate were a contributing cause to her miscarriage, and, even if the blood poisoning which followed was the direct and immediate cause of her death, it was in the chain of causations originating in the injuries inflicted by the burns received.

Charge 8 asserted a correct proposition of law, but we are not prepared to say that it was free from misleading tendency. The undisputed evidence showed that in the present case the passing train threw out large quantities of sparks.

The tenth, eleventh and fifteenth charges were properly refused. Each of these charges ignored the evidence showing that the intestate went back into the building to save her little child, and that it was while in the effort to rescue her child that she was herself injured.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.