(77 South. 731)

TODD v. WARD. (6 Div. 689.)

(Supreme Court of Alabama. Jan. 17, 1918. Rehearing Denied Feb. 7, 1918.)

1. INSANE PERSONS ⬤═66 — SETTING ASIDE CONVEYANCE — MENTAL DISABILITY — "UNSOUND MIND."

In an action by a guardian to set aside a conveyance to his ward on the ground of mental infirmity, a petition, charging that the ward was a feeble-minded ignorant negro, but yet capable of making a valid contract if not dis-

affirmed, and that he was of unsound mind, was insufficient to support a judgment; the phrase "unsound mind" being of elastic significance, and not sufficient to show such insanity as would justify disaffirmance of the contract, and there being evidence that the property was worth the price for which it was sold.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unsound Mind.]

2. INSANE PERSONS ⊜⇒66 — SETTING ASIDE CONVEYANCE—EVIDENCE

In a suit to set aside a conveyance on the ground of mental unsoundness, the fact that the grantee was found by the probate court to be of unsound mind three months after the transaction was consummated was insufficient to support a judgment disaffirming the contract.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Suit in equity by Forney Todd, by guardian, against M. L. Ward. Decree for defendant, and plaintiff appeals. Affirmed.

G. M. Edmonds, of Birmingham, for appellant. W. H. Smith and Arthur L. Brown, both of Birmingham, for appellee.

McCLELLAN, J. The amended bill, filed by Forney Todd's regular guardian against the appellee, Ward, seeks the cancellation of a conveyance executed to Forney Todd by appellee and his wife on the 5th day of October, 1906, and a money decree for $550 and interest against appellee. Ward was Todd's attorney in the transaction which produced the sum for which the personal judgment is sought. The theory of the bill, and the relief it seeks, presuppose the validity of the transaction between the Moores and Todd while represented by Ward; and hence, aside from the evidential value of the facts and circumstances relating to that transaction, for their bearing upon the issue of Todd's mental capacity on October 5, 1906, the matter of that contracting, between Todd and the Moores, is not a factor in this inquiry.

[1] The bill, as amended February 3, 1916, alleged that Todd was a person of "unsound mind" when Ward executed to him the deed in question. "Unsound mind" is a phrase of somewhat elastic significance. See Porter v. State, 140 Ala. 87, 94, 37 South. 81; Code, § 1; 8 Words and Phrases, p. 7212 et seq.; In re Clark, 175 N. Y. 139, 67 N. E. 212, 213; 4 Words and Phrases (N. S.) p. 1095 et seq. In view of the rule, established by statutes and decisions in this jurisdiction, wherein grades and distinctions are recognized in states of mental soundness and vigor or strength, it is always better—in pleading in civil causes involving the validity of contracts entered into by persons whose mental state or strength is under question—to employ more definite terms in defining or describing the mental status than is imported by the general phrase "unsound mind." See Code, §§ 1, 3347, 3348 (construed in Thomas v. Holden, 191 Ala. 142, 67 South. 992) 4361; Sellers v. Knight, 185 Ala. 96, 102, 103,

64 South. 329; Oakley v. Shelley, 129 Ala. 467, 29 South. 385; B. R., L. & P. Co. v. Hinton, 158 Ala. 470, 48 South. 546; Galloway v. Hendon, 131 Ala. 280, 31 South. 603. It has been decided here, apart from the effect wrought by thereto pertinent provisions of Code, §§ 3347, 3348, that a contract of a non compos mentis is absolutely void. Author. supra. In the sixth paragraph this complainant's bill expressly recognizes that the contract, the transaction, between Todd and Ward was voidable only. For this reason—among others not necessary to cumber the opinion to recite—the allegation of Todd's mental state cannot be interpreted as charging that he was permanently insane or was an idiot at the time of the transaction now assailed. If, however, this averment should be interpreted as charging the permanent insanity or a fixed condition of utter idiocy, at or prior to October 5, 1906, a careful review of the whole evidence would require the conclusion that the allegation in this respect was not sustained. The charge in the amended bill being that Todd was, on October 5, 1906, a feeble-minded, ignorant negro, below the normal of the illiterate of his class, but yet capable in degree of making a valid contract if not disaffirmed, and, assuming for the occasion only that Ward bore to him the relation of attorney even with respect to this transaction which took place after the consummation of the contract with the Moores, with result that the burden of proof was on Ward to show a fair dealing on his part in selling the Dement City premises to Todd; the conclusion of this court, on the evidence before it, accords with that prevailing with the court below. The evidence admits of no fair doubt but that the Dement City property was, on October 5, 1906 (the house was destroyed by fire some time later), of a value equal to that agreed, by Todd, to be paid therefor through the retention by Ward of the agreed sum which Ward, as Todd's attorney, had received from the Moores in payment of the consideration for the deed from Todd to Mrs. Moore.

[2] The fact that, on inquisition in the probate court, Todd was found to be of unsound mind approximately three months after the transaction was consummated was without legitimate influence upon the issues tendered and contested in this cause; it being a purely ex parte proceeding and had subsequent to the creation of the rights of contract brought under consideration by this bill. Frederic v. Wilkins, 182 Ala. 343, 62 South. 518.

The attorney's fee retained by Ward and Z. T. Rudolph was a fee growing out of the contract of professional employment created by a writing signed by Todd. The sum thus retained was less than that stipulated in the contract. The conveyance by Todd to Mrs. Moore—the contract thereby evidenced was upon a consideration of $550—is not assailed,

on the contrary, is relied upon by the complainant as the source of the funds here sought to be recovered. It cannot be affirmed on this record that the written contract of employment of these attorneys was even voidable, or was fraudulent in any degree, or that the fee retained by these attorneys was excessive in amount.

The decree is not affected with error. It is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.