(118 So. 561)

## SINGER v. NATIONAL BOND & INVESTMENT CO. (5 Div. 994.)

Supreme Court of Alabama. Oct. 18, 1928.

Rehearing Denied Nov. 22, 1928.

376

James W. Strother, of Dadeville, and J. Sanford Mullins, of Alexander City, for appellant.

Albert Hooton, of Dadeville, for appellee.

GARDNER, J. One Walter Page was a silent partner with L. C. Johnston in the automobile business, and negotiated a sale of a car to G. A. Singer. For the balance due on the purchased car Singer executed his promissory note, a negotiable instrument, payable to L. C. Johnston, and simultaneously, and as a part of the same transaction, executed a mortgage on the car to better secure said note. The note and mortgage were transferred to the National Bond & Investment Company, and upon default in the payment of the note, said investment company brought this suit, originally one in detinue only, for repossession of the car. During the progress of the cause, plaintiff was permitted, over defendant's objection, to amend the complaint by adding a count on the note. There was no error in permitting the amendment by adding the count on the note. Sections 9467, 9513, Code of 1923; Gambill v. Fox Typewriter Co., 190 Ala. 36, 66 So. 655.

There appeared on the mortgage as subscribing witnesses the names of Marion P. Jones and G. A. Thornton. Defendant had interposed a plea denying the execution of said instrument as well as its ownership by this plaintiff. Said Thornton, being offered as a witness, denied his signature to the instrument. The other subscribing witness had been duly summoned, but there had been no service. Plaintiff offered proof as to efforts to locate this witness, and to the satisfaction of the trial court established his residence as unknown. The evidence upon this point has also been carefully considered by the court in consultation, and we find ourselves in accord with the conclusion of the court below. Under these circumstances the instrument is to be treated as having no attesting witnesses. Plaintiff then proved by said Page that he was present and saw defendant sign the instrument. This was permissible as prima facie evidence of the execution of the mort-

gage, under the statute and decisions of this court. There was no error, therefore, in permitting the mortgage to be offered in evidence. Section 7703, Code of 1923; Seibold v. Rogers, 110 Ala. 438, 18 So. 312; Jones v. Hough, 77 Ala. 437.

The transfer of the mortgage was in due form and passed the title to the property. It was signed "L. C. Johnston, by Walter A. Page, Associate," and the proof was without dispute that said Page was a partner of Johnston. Moreover, it appears that Johnston had given express authority to Page to transfer all such instruments to the National Bond & Investment Company.

Defendant, upon cross-examination, admitted that the signature to these instruments "looked like" his signature, and concluded by saying: "It appears to be my signature." Plaintiff offered proof to show (which was without dispute) that plaintiff was a bona fide purchaser for value and before maturity of the note and mortgage, without any knowledge or notice of any defense thereto, or defect therein.

It is urged by appellant that the note should not have been received in evidence because payable at the office of the National Bond & Investment Company, and that the evidence discloses an arrangement had been previously made by the payee Johnston that said company would purchase the notes taken by Johnston. We are cited to no authorities to the effect that this alone has a tendency to deprive plaintiff of its rights as a bona fide purchaser for value of negotiable paper. See Commercial Credit Co. v. Parks, 215 Ala. 648, 112 So. 237; Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A. L. R. 1437.

The evidence is without dispute that plaintiff was not a party to the attestation of the mortgage, and had no connection with or knowledge of the signature of the witness Thornton, whose name appears as a subscribing witness. If, therefore, the name of such witness has been added by another as a subscribing witness, this fact would not affect the right of plaintiff as a holder in due course to recover. Commercial Credit Co. v. Parks, supra.

The mortgage was given solely as a security for the negotiable note attached thereto, each referring to the other, and to be properly considered as one instrument. The mortgage, therefore, partakes of the same character as the negotiable note, and is entitled to the same protection. Commercial Credit Co. v. Parks, supra.

Much evidence was offered by the respective parties upon the issue presented by defendant's special plea setting up his drunkenness at the time of the execution of these papers, and some of the assignments of error relate to rulings, arising from this issue. Wright v. Waller, 127 Ala. 557, 29 So. 57, 54 L. R. A. 440; Snead v. Scott, 182 Ala. 97, 62 So. 36; B. R. L. & P. Co. v. Hinton, 158 Ala. 470, 48 So. 546. Voluntary drunkenness, under the decisions of this court, does not render the contract void, but voidable only. Lewis v. Davis, 198 Ala. 81, 73 So. 419; Oakley v. Shelley, 129 Ala. 467, 29 So. 385; B. R. L. & P. Co. v. Hinton, 158 Ala. 470, 48 So. 546. And under the decided weight of authority such a defense is not available as against a bona fide holder for value of negotiable paper. 8 Corpus Juris, p. 775; 3 R. C. L. p. 1028; Note to Green v. Gunsten, 46 L. R. A. (N. S.) 212.

As previously stated, the same protection is to be accorded the mortgage as the note, and the above rule is therefore applicable both as to the count in detinue and that on the promissory note. The plaintiff appears from the evidence, without conflict, to be a bona fide holder for value of the note and mortgage. There is no evidence presenting a conflict, and therefore a jury question as to issues presented by the pleas of non est factum or that denying plaintiff's ownership of the note and mortgage.

The defense of voluntary drunkenness under the circumstances here disclosed was not available to the defendant, and it results that the plaintiff was entitled to the affirmative charge as duly requested, but which was refused. Such being the case, error, if any, as to any ruling upon such issue, is without injury. Assignments of error relating thereto need not therefore be here considered.

At the conclusion of the case (the court adjourning at the evening hour for the day) it was agreed "that the clerk or sheriff might receive the verdict of the jury, the same to be put in proper form, if not in form." The verdict was reached and delivered to the sheriff by the jury about eleven o'clock that night, and the jury dispersed until next morning, when they were reassembled by the court and instructed to retire and complete their verdict by fixing the value of the car—the verdict on the detinue count failing so to do. This was done over defendant's objection, and the completed verdict subsequently returned by the jury. The question here presented by these objections and assignments of error was elaborately treated with citation of authorities in Scott v. Parker, 216 Ala. 321, 113 So. 495, and needs not reiteration here.

Suffice it to say that case is decisive of these assignments adversely to appellant. The jury returned a verdict on both counts one and two—the first being in detinue, and the second on the note. The court entered as a part of the judgment the provision that a payment by defendant on the judgment on the note (count 2) within the time fixed by law prior to the issuance of execution, should be in full satisfaction of the judgment rendered. The court acted in accord with the provisions of section 9467, Code of 1923, au-

378

thorizing the joinder of such actions arising out of the same transaction, to the effect "that the issue may be determined separately by the jury, and the proper judgment * * * rendered by the court." Such procedure was considered and approved by the Court of Appeals in Ashley v. Hill, 21 Ala. App. 603, 110 So. 597, and we think correctly so. We do not interpret the language of section 9468, Code of 1923, as pointing to a contrary result. While the statute permits a recovery on each count, yet it clearly indicates the duty of the court in rendering the judgment to guard against more than one satisfaction. The judgment in the detinue count was in excess of the amount found for the plaintiff in count 2 (the suit on the note), and the order of the court would appear to give defendant due protection, as contemplated by the statute. We may add that the limitation as to time found in the judgment, above noted, is not to be construed as depriving defendant of the right to thereafter pay the amount of the judgment under count 2, and thus result in full satisfaction of the judgment.

We find no reversible error in the record. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.