HARRY WHEELER, Respondent, v. REBECCA Moscow, Defendant, and ANNA MILLER, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, and motion for summary judgment denied, with ten dollars costs, on the ground that it appears that the contract upon which this suit was brought was for the installation of a heating plant in the premises of defendant Moscow, it being alleged that defendant Miller, as well as Moscow, was a party assenting to the contract. Defendant Miller in her answer denies that she made the contract and alleges that at the time she was unable to and incapable of making or consenting to the agreement. In her affidavit opposing the motion for summary judgment she says that she was suffering from such a continued state of intoxication, induced and procured in part at least by defendant Moscow, as to be in a condition without sufficient power of reason and understanding to appreciate the nature and legal consequences of her act; and that she was incapable of entering into a contract or giving legal assent thereto. She says further that the contract was procured by means of a conspiracy between plaintiff and defendant Moscow, whereby liability was to be fixed solely on herself. Issues of fact are presented and the granting of a summary judgment was not justified. (1 Williston Cont. § 259; 3 Page Cont. chap. 49, §§ 1647–1649; 36 A. L. R. pp. 619 *et seq.; Prentice* v. *Achorn*, 2 Paige Ch. 30; *Van Wyck* v. *Brasher*, 81 N. Y. 260; *Kendall* v. *Ewert*, 259 U. S. 139.) Lazansky, P. J., Young, Tompkins and Davis, JJ., concur; Scudder, J., not voting.

ANNIE ZWERDLING, Appellant, v. HARRY LEFRAK and Others, Respondents.— Order denying plaintiff's motion for an examination before trial of defendant Ess Three Corporation reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; examination to proceed on five days' notice at a time and place to be stated in the order, which is to be settled on notice. In our opinion the amended complaint states a cause of action against that corporation and the denial of plaintiff's motion was, therefore, erroneous. Order denying plaintiff's motion for the appointment of a receiver reversed on the law and the facts and motion granted to the extent of the appointment of a receiver of the stock of the G. & G. Building Corporation and of the Ess Three Corporation transferred to Sarah Lefrak by Harry Lefrak, and also of the $10,500 and the $3,000 mortgages referred to in the amended complaint, and the matter is referred to Special Term for the appointment of such receiver. In our opinion the facts stated in the moving papers entitle the plaintiff to a receiver to this extent. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.